**TOWN OF MANILA, Plaintiff and Appellee,**

v.

**BROADBENT LAND COMPANY, Defendant and Appellant.**

**No. 900007.**

Supreme Court of Utah.

Sept. 9, 1991.

Clark B. Allred and Gayle F. McKeachnie, Vernal, for plaintiff and appellee.

Lewis T. Stevens, Kristin G. Brewer, Edward W. Clyde, and Craig W. Anderson, Salt Lake City, for defendant and appellant.

David L. Church, Salt Lake City, for amicus curiae Utah League of Cities & Towns.

DURHAM, Justice:

Broadbent Land Company ("Broadbent") appeals from the trial court's order granting the Town of Manila's ("the town") order for immediate occupancy and denying Broadbent's motion to dismiss the town's condemnation action. Following our recent decision in *A.J. Mackay Co. v. Okland Construction Co.*, 817 P.2d 323 (Utah 1991), we dismiss this appeal without reaching the merits.

The town acquired funding to replace its inadequate sewage facility. After assessing various sites and types of facilities, the town selected Broadbent's property on which to locate the new facility. The plan was approved by state and federal authorities.

The town's mayor, engineer, and legal counsel contacted Broadbent's agent to discuss the plans for the new facility and their desire to purchase Broadbent's property. Broadbent refused to discuss the purchase of the property, requesting instead that the town consider alternative sites. The town found the alternatives unsatisfactory due to wetland restrictions, soil conditions, and location. The town contacted Broadbent's attorney and provided a plat and an appraised value for defendant's property.

The town needed to begin building the facility promptly or risk forfeiture of the construction funds. Because of Broadbent's refusal to negotiate, the town brought an action to condemn approximately 35 acres of its property and then moved for an order of immediate occupancy pending a trial on the merits. Broadbent filed a motion to dismiss, raising the substantive claims that the town (1) lacked authority to condemn; (2) failed to follow the statutory procedures for condemnation described in Utah Code Ann. § 78–34–4; and (3) failed to abide by the Relocation Assistance Act, codified in Utah Code Ann. § 57–12–3.

The parties submitted legal memoranda on these issues and, at Broadbent's request, participated in an evidentiary hearing. After reviewing the legal memoranda and considering the testimony and other evidence offered at the hearing, the trial court expressly ruled that the town had proper authority to condemn the property, that there was evidence to show that all three conditions precedent to condemnation had been met, and that the town had substantially complied with the Relocation Assistance Act requirements.

In a subsequent pleading, Broadbent attempted to raise again the issues of whether the town had power to condemn and whether the town had met the conditions precedent to condemnation. The trial court stated that it intended its prior findings on

**4**

those issues to be dispositive.[1] Broadbent moved for certification of the order granting the town's motion for immediate occupancy and the order denying Broadbent's motion to dismiss. The court granted certification.

■ Unfortunately, the order was not eligible for certification under rule 54(b). The town's suit consisted of one cause of action—to take an interest in Broadbent's property. Several issues were raised in connection with the litigation of that claim, including the town's authority to condemn, the town's compliance with statutorily mandated procedures, and the amount of damages to which Broadbent was entitled. All of the issues were not disposed of by the trial court's order, but all arose from the same factual circumstances. Thus, the issues the trial court did dispose of, as to whether the town had authority to condemn and whether it complied with the applicable statutory procedures, were not "separate claims" and were not eligible for certification to this court for review under rule 54(b). *See Kennecott Corp. v. Utah State Tax Comm'n,* 814 P.2d 1099, 1104–05 (Utah 1991); *Webb v. Vantage Income Properties,* 818 P.2d 1, 2 (Utah 1991), also issued this day. At the time of certification, the town stated that it was ready to proceed to trial on the issue of damages and noted that it would "seem a better use of the Court and the parties' time to resolve this remaining issue" by allowing the parties to present all issues to the appellate court at one time. We agree.

■ Our decision in *Mackay,* 817 P.2d 323 disposes of this case. The order Broadbent appealed from was not eligible for certification under rule 54(b). The remedy for improperly accepted appeals is dismissal of the appeal. *Mackay,* 817 P.2d at 325–26. We stated in *Mackay* that we may in "extraordinary cases" treat an appeal of right taken from an unappealable order as a permissive interlocutory appeal under rule 5 of the Utah Rules of Appellate Procedure. *Id.* We accept such cases, however, only under very unusual circumstances.

We do not see this as an "extraordinary case" that would allow us to reach the merits of the claim. The issue of damages, the only issue remaining before the trial court after ruling on the condemnation claim, is relatively straightforward. The parties and the courts could have saved time and money by setting damages and submitting the entire case for review. This appeal was improperly taken. We dismiss.

HALL, C.J., HOWE, Associate C.J., and STEWART and ZIMMERMAN, JJ., concur.

---

**1.** On this issue, see our recent opinion in *Cornish Town v. Koller,* 817 P.2d 305 (Utah 1991).