**Marian H. WEBB and Jill W. Brown,**
**Plaintiffs and Appellees,**

v.

**VANTAGE INCOME PROPERTIES,**
**Bruce Honey, and Steve Holcomb,**
**Defendants and Appellants.**

No. 880137.

Supreme Court of Utah.

Sept. 9, 1991.

James L. Christensen, Mark J. Morrise, and Paul D. Newton, Salt Lake City, for plaintiffs and appellees.

Michael S. Eldredge, W. Valley City, for defendants and appellants.

DURHAM, Justice:

Plaintiffs Marian H. Webb and Jill W. Brown filed suit against defendants Vantage Income Properties ("VIP") and Steve Holcomb and Bruce Honey as agents and partners of VIP. In their first cause of action, plaintiffs alleged civil violations of Utah's former Utah Racketeering Influences and Criminal Enterprise Act ("RICE"). 1981 Utah Laws ch. 94, § 1 (codified at Utah Code Ann. §§ 76–10–1601 to –1608).[1] The district court entered a default judgment for plaintiffs on this claim without ruling on the other four causes of action. Defendants appeal. Following our recent decisions in *Town of Manila v. Broadbent Land Co.*, 818 P.2d 2 (Utah 1991), also issued today, and *A.J. Mackay Co. v. Okland Construction Co.*, 817 P.2d 323 (Utah 1991), we dismiss this appeal without reaching the merits.

This action arose in 1985, when VIP was acting as the real estate agent for the owners of apartment complexes located in Murray, Utah.[2] Plaintiffs allege that defendants fraudulently made misrepresentations and omissions concerning the property to induce plaintiffs to buy the property. Relying on defendants' representations, plaintiffs purchased the property for $780,-000. Six percent of this amount, $46,800, went directly to defendants as a sales commission. In urging plaintiffs to execute notes, defendants knew that plaintiffs could not repay the notes unless plaintiffs sold the property. When defendants could not find a purchaser for the property for a sum exceeding the purchase price, defendants told plaintiffs that they must sell the property at a loss because it was only worth approximately $550,000. Defendants also stated that they would help

---

1. This act, amended in 1987, 1987 Utah Laws ch. 238, § 1, is currently known as the Pattern of Unlawful Activity Act. *See* Utah Code Ann. § 76–10–1601 (1990).

2. The trial court's findings of fact accept the factual allegations in paragraphs 7–21 of the complaint.

plaintiffs sell the property for a lesser amount if plaintiffs would pay defendants another real estate commission.

Plaintiffs brought an action alleging racketeering, fraud and deceit, negligent misrepresentation, constructive fraud, and intentional infliction of emotional distress. During discovery, defendants refused to produce the records plaintiffs requested. The records contained all of VIP's sales and the names of Steve Holcomb's customers while he was employed by VIP. Defendants claimed the privilege against self-incrimination under both state and federal constitutions. After a series of motions by plaintiffs, several orders by the court, and defendants' continued failure to act, the trial court entered findings of fact and conclusions of law and a default judgment on plaintiffs' RICE cause of action.

When certifying this order as a rule 54(b) final judgment, the trial court acknowledged that four other causes of action remained, each arising from the same factual circumstances. In view of the "overall picture," however, the court noted that entering the default judgment finally disposed of a "significant issue" in the case. The court concluded that disposing of one significant issue in a case makes certification appropriate. We disagree.

Although the trial court made a final disposition of the RICE cause of action, to be eligible as an appealable order under Utah Rule of Civil Procedure 54(b), the court's ruling must dispose of a "separate claim." As we stated in *Kennecott Corp. v. State Tax Commission*, 814 P.2d 1099, 1105 (Utah 1991), a "separate claim" must arise from different facts than those underlying the remaining causes of action. In this case, plaintiffs' claims all arise from defendants' alleged misrepresentations and omissions surrounding the sale and resale of property. It was improper for the trial court to certify one claim that was not "separate" from the remaining claims asserted.

Many litigants probably believe each cause of action raises a "significant" issue in the case, but the entry of a default judgment on one cause of action without ruling on the other four issues arising from the same facts and circumstances does not make the case eligible for certification. *See Mackay*, 817 P.2d at 325–26 and cases cited therein; *Town of Manila*, 818 P.2d at 2.

The trial court improperly certified this appeal. Lacking jurisdiction, we dismiss.

HALL, C.J., HOWE, Associate C.J., and STEWART and ZIMMERMAN, JJ., concur.