**FURNITURE DISTRIBUTION CENTER, a Utah corporation, Plaintiff and Appellee,**

v.

**Ann P. MILES; M. Vaughn Bitner; Barry Lynn Burkinshaw; George H. Marx; Summit County, a political subdivision of the State of Utah; and John Does 1 through 10, Defendants and Appellants.**

No. 900033.

Supreme Court of Utah.

Nov. 29, 1991.

David O. Black, Ronald C. Wolthuis, Martin B. Bushman, Salt Lake City, for defendants and appellants.

Rodney G. Snow, Stephen B. Doxey, Salt Lake City, for plaintiff and appellee.

HALL, Chief Justice:

Defendant Ann P. Miles ("Miles") appeals the order of the Third Judicial District Court granting partial summary judgment to plaintiff Furniture Distribution Center ("FDC") and quieting title to certain property in FDC as against defendants Miles, M. Vaughn Bitner, Barry Lynn Burkinshaw, George H. Marx, and Summit County. Following our recent decisions in *Town of Manila v. Broadbent Land Co.,*[1] *Webb v. Vantage Income Properties,*[2] and *Kennecott Corp. v. State Tax Commission,*[3] we dismiss this appeal without reaching the merits of Miles' claim.

FDC initiated this action, seeking to regain title to certain property commonly known as "Lot 5 Stagecoach Estates, Plat C" ("the Stagecoach Estates property") and to recover damages for trespass and breach of a real estate contract. On motion for partial summary judgment, title to the Stagecoach Estates property was quieted in FDC. Miles filed a motion to obtain certification of the decision which granted

---

1. 818 P.2d 2 (Utah 1991).

2. 818 P.2d 1 (Utah 1991).

3. 814 P.2d 1099 (Utah 1991).

FDC partial summary judgment as a final order pursuant to Utah Rule of Civil Procedure 54(b). The trial judge granted the certification motion, and Miles filed this appeal.

FDC's lawsuit arose out of the following factual situation. On November 30, 1978, Burkinshaw acquired the Stagecoach Estates property from Bitner by quitclaim deed. On September 13, 1979, Burkinshaw and FDC entered into a uniform real estate contract for the sale of the property to FDC. On September 18, 1979, both Burkinshaw's quitclaim deed from Bitner and a notice of contract concerning the uniform real estate contract between Burkinshaw and FDC were recorded in the office of the Summit County Recorder.

On January 7, 1980, Burkinshaw entered into an agreement with Marx wherein Marx agreed to pay Burkinshaw $12,500 for the right to receive payments under the uniform real estate contract. FDC made regular payments as required by the real estate contract, first to Burkinshaw and then to Marx, until the agreed-upon purchase price of $18,550 plus interest was paid in full.

The property taxes for 1979 were assessed to Bitner, the record owner as of January 1, 1979. They were never paid. From 1979 to 1984, during the executory period of the real estate contract, the property taxes continued to be delinquent. Summit County sent notices of the delinquency to Bitner. FDC and Burkinshaw never received notice of the delinquency, either by mail or by personal service, nor did they have actual notice of the delinquency.

On May 3, 1984, Summit County sent a notice of final tax sale by certified mail to Bitner. Neither Burkinshaw nor FDC received notice of the final tax sale either from Bitner or from Summit County. On May 23, 1984, Summit County sold the subject property to Bitner for $637.89. The tax deed was delivered to Bitner on May 24, 1984. Bitner subsequently quitclaimed his interest in the property to Miles.

Approximately three years later, FDC learned that Bitner and Miles claimed an interest in the property. FDC notified Bitner and Miles that FDC owned the property, but Bitner and Miles refused to relinquish their possessory and ownership rights. On March 3, 1988, FDC filed this lawsuit, alleging that the tax sale in which Bitner had purchased the property was invalid due to the fact that FDC was not given constitutionally adequate notice. FDC brought the following claims: (1) that the tax sale should be declared void and that the court should quiet title to the property in FDC; (2) that Bitner and Miles should be assessed damages for trespass upon the property; and (3) that Burkinshaw and Marx are liable to FDC for breach of the executory contract of purchase of the property.

Marx was granted partial summary judgment, dismissing him from the suit. FDC then filed a motion for partial summary judgment on its quiet title claim. Summit County, Marx, and Burkinshaw disclaimed any ownership interest in the property. Miles filed a memorandum opposing the partial summary judgment. On August 25, 1989, the trial court entered an order granting FDC partial summary judgment, declared the tax sale of the property invalid and void, quieted title to the property in FDC as against all defendants and all persons claiming any interest to the property under defendants, and enjoined defendants from exercising any ownership or possessory rights in the subject property. On October 30, 1989, the trial court certified its August 25 order as a final order for the purposes of a rule 54(b) appeal. There has been no final judgment entered on FDC's claim for trespass concerning Bitner and Miles nor on FDC's claim for breach of contract concerning Burkinshaw.

Although FDC's suit alleged three causes of action, all of these causes arise out of same set of operative facts: FDC's purchase of the property from Burkinshaw, the tax sale of the property to Bitner without actual notice to FDC, and the occupation and possession of the property by Bitner and his grantees. Therefore, although FDC's suit is comprised of three causes of action, it consists of only one "claim" for

purposes of rule 54(b).[4] The remaining issues in the case—the trespass claims against Bitner and Miles, the breach of contract claim against Burkinshaw, and the damages arising from both of these claims—all emerge from the sale and occupation of the property, the same facts raised in the quiet title claims. These issues should have been litigated and finally determined, enabling the parties to obtain one final judgment upon which they could appeal.

Because the remaining causes of action in FDC's complaint are based upon the same operative facts as those disposed of by the trial court's grant of partial summary judgment, the partial summary judgment order was not eligible for certification under rule 54(b).[5] We therefore dismiss this appeal as improperly taken.

HOWE, Associate C.J., and STEWART, DURHAM and ZIMMERMAN, JJ., concur.

---

**4.** *See Kennecott,* 814 P.2d at 1103–05.

**5.** *See Town of Manila,* 818 P.2d at 4; *Webb,* 818 P.2d at 2; *A.J. Mackay & Sons v. Okland Constr.,*

817 P.2d 323, 325 (Utah 1991); *Kennecott,* 814 P.2d at 1103–05.