2011 UT App 410

**GUNNISON VALLEY BANK,**
**Plaintiff and Appellee,**

v.

**Ryan CROTTS and Sabrina Crotts,**
**Defendants and Appellants.**

No. 20110741–CA.

Court of Appeals of Utah.

Dec. 1, 2011.

Ryan Crotts and Sabrina Crotts, Fairview, Appellants Pro Se.

V. Lowry Snow, Curtis M. Jensen, and J. David Westwood, St. George, for Appellee.

Before Judges DAVIS, McHUGH, and CHRISTIANSEN.

DECISION

PER CURIAM:

¶ 1 This case is before the court on a sua sponte motion for summary dismissal on the basis that no final, appealable judgment has been entered and certification of the judgment was ineffective under rule 54(b) of the Utah Rules of Civil Procedure. Appellee Gunnison Valley Bank (Bank) made a separate motion for summary disposition.

¶ 2 Bank filed a complaint against the Appellants Ryan and Sabrina Crotts (the Crottses) asserting the following causes of action: fraudulent misrepresentation, negligent misrepresentation, reformation of trust deed, invalid conveyance, equitable estoppel, conspiracy to defraud, and partition of the

property. Each cause of action was based upon the same allegation of facts, to wit, that Ryan Crotts obtained a loan from Bank, secured by the real property, representing that he was the sole owner of the property and had the "right to irrevocably grant, convey, and sell the Property to Trustee, in trust, with power of sale." Without knowledge of Bank, Sabrina Crotts was added to the Warranty Deed as an owner of the property. After Ryan Crotts defaulted on the loan and Bank foreclosed, Sabrina Crotts refused to disclaim her interest in the property. As a result, Bank was unable to obtain clear title to sell the property. Bank obtained a default judgment. The district court reformed the deed to omit Sabrina Crotts as an owner; declared her interest in the property invalid; ordered that she had no further right, title or interest in the property and was estopped from claiming an interest; and granted title to Bank "free and clear of any right, title or interest of the Defendants." However, as to the causes of action alleging fraudulent misrepresentation, negligent misrepresentation, and conspiracy to defraud, the district court rendered judgment on liability only, stating in each instance that "the Plaintiff is entitled to damages and specific relief" in an amount to be determined. Finally, the default judgment stated,

> IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this judgment shall be augmented to reflect the total amount of damages incurred by the Bank to be determined upon proper evidence submitted to this Court.

> IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that there is no just reason for delay, and that this Judgment is a final judgment.

¶ 3 The default judgment was not a final, appealable judgment because it did not wholly dispose of the case, leaving the determination of damages for further action by the district court. An order is final and appealable only when it disposes of all of the claims against all parties on the merits. *See Bradbury v. Valencia*, 2000 UT 50, ¶ 9, 5 P.3d 649; *Loffredo v. Holt*, 2001 UT 97, ¶ 12, 37 P.3d 1070. Accordingly, the issue before us is whether the default judgment was eligible for certification as a final order for purposes of appeal under rule 54(b) of the Utah Rules of Civil Procedure. To be eligible for certification, an order or judgment must wholly dispose of a separate claim or dispose of all claims against a party. *See* Utah R. Civ. P. 54(b). Bank candidly admits that the default judgment resolved claims regarding the title to the property and determined liability related to the tort claims, but did not determine the amount of damages attributable to the actions of the Crottses.

¶ 4 The controlling case on the eligibility of an interlocutory order for certification as final under rule 54(b) is *Kennecott Corp. v. Utah State Tax Commission*, 814 P.2d 1099 (Utah 1991). Although rule 54(b) "permits the trial court to certify certain interlocutory orders, and by doing so, force the appellate court to entertain the appeal," the "question of whether an order is eligible for certification under rule 54(b), i.e., whether the order is final, is a question of law," reviewed for correctness. *Id.* at 1100. The Utah Supreme Court adopted the "factual overlap" approach developed in the Seventh Circuit, which concludes "that several legal theories based on one set of facts do not convert the theories into separate claims for purposes of rule 54(b)." *Id.* at 1103. Therefore, "when this factual overlap is such that separate claims appear to be based on the same operative facts or on the same operative facts with minor variations, they are held not to constitute separate claims for rule 54(b) purposes." *Id.* The supreme court specifically rejected the alternative approach of the Second Circuit, which focuses on "whether the underlying factual bases for recovery state a number of different claims which could have been separately enforced," that is, "when the facts give rise to more than one legal right or cause of action." *Id.*

¶ 5 In *Furniture Distribution Center v. Miles*, 821 P.2d 1165 (Utah 1991), the Utah Supreme Court rejected certification of a partial summary judgment on a quiet title cause of action, which left causes of action for trespass and breach of a real estate contract pending, noting that although the "suit is

comprised of three causes of action, it consists of only one 'claim' for purposes of rule 54(b)." *Id.* at 1166–67. The court reasoned that the remaining issues "all emerge from the sale and occupation of the property, the same facts raised in the quiet title claim." *Id.* at 1167; *see also Weiser v. Union Pac. R.R.*, 932 P.2d 596, 597–98 (Utah 1997) (concluding that although different facts supported several theories for recovery, the facts all related to a single claim for ownership of the disputed land); *American Sav. & Loan Ass'n v. Gibson*, 839 P.2d 797 (Utah 1992) (rejecting rule 54(b) certification of a judgment that determined liability on a loan guarantee but reserved the question of damages). Under the factual overlap approach, Bank asserted a single claim seeking to terminate Sabrina Crotts's purported interest in the property in order to clear Bank's title and to recover damages resulting from the Crottses' actions that resulted in Sabrina Crotts being placed on the deed to the property. The district court's judgment resolved issues of liability and granted Bank clear title to the property, leaving the determination of damages as the only unresolved issues. The default judgment was not eligible for certification.

¶ 6 Although Bank is not the appellant in this appeal, it seeks to have the appeal remain at this court and then to have the judgment summarily affirmed. Rule 5(a) of the Utah Rules of Appellate Procedure allows us to retain an appeal from an improperly certified judgment. *See* Utah R.App. P. 5(a) ("A timely appeal from an order certified under Rule 54(b), Utah Rules of Civil Procedure, that the appellate court determines is not final may, in the discretion of the appellate court, be considered by the appellate court as a petition for permission to appeal an interlocutory order."). We decline to exercise our discretion to retain this appeal. Having determined that the default judgment was not eligible for certification as final under rule 54(b) of the Utah Rules of Civil Procedure, we dismiss the appeal for lack of jurisdiction without prejudice to a timely appeal filed after the entry of a final judgment

resolving the issues remaining before the district court.