FIRST NATIONAL BANK OF HAILEY, IDAHO, RESPONDENT, *v.* HYRUM D. LEWIS AND J. S. LEWIS, EXECUTORS, APPELLANTS.

APPELLATE COURT—JURISDICTION—MODIFICATION OF JUDGMENT—
DISMISSAL OF APPEAL.

1. An appellate court, which is a court of last resort, is the exclusive judge of its own jurisdiction.

2. The supreme court of the territory, under sections 3005 and 3006, Comp. Laws 1888, had power to modify judgments, rendered by a district court.

3. An appeal from judgment which the district court entered in exact accordance with the mandate of the appellate court upon a previous appeal will be dismissed upon motion of the appellee.

The case of *Krantz v. Railway Co.* 13 Utah 1, 43 Pac. 623, reaffirmed.

(No. 701.    Decided June 23, 1896.    45 P. R. 890.)

Appeal from the Second district court, Weber county. Hon. H. H. Rolapp, *Judge.*

Action by the First National Bank of Hailey, Idaho, against Hyrum D. Lewis and others.    An appeal was taken from a territorial district court to the Territorial supreme court on an order of the judge, granting a new trial.    The supreme court amended the judgment of the court below, which was entered by that court accordingly.    From the judgment entered in pursuance of the order of supreme court defendant appeals.    *Dismissed.*

*J. N. Kimball, Dickson, Ellis & Ellis,* and *E. M. Allison, Jr.,* for appellants.

*Brown, Henderson & King,* for respondent.

BARTCH, J.:

This action was brought to recover upon a judgment rendered in Idaho.    The case was tried, and judgment in the sum of $4,152.39 entered against the defendants, as executors of the will of J. D. Lewis, deceased.    This judgment was afterwards set aside, and a new trial granted. Thereupon the plaintiff appealed to the supreme court, where it was held that the lower court erred in granting a new trial, and the case was remanded, with directions to the trial court to make certain amendments to the judgment, so as to indicate more clearly that it was against the respondents, as executors *de son tort.*    41 Pac.

712. A petition for a rehearing was filed, considered, and overruled, and then the trial court proceeded, and entered judgment in accordance with the mandate of the supreme court. From the judgment so modified and entered, the defendants prosecuted this appeal, which is now to be considered upon motion to dismiss, on the ground that it is an appeal from a judgment entered in accordance with the mandate of the appellate court, being a court of last resort.

From an examination of the record in the former appeal in this case, it appears that all the material questions which we are now asked to consider on this appeal were deliberately determined by the supreme court on the former appeal, and again passed upon in disposing of the petition for a rehearing. We see nothing in the present record which warrants a reopening and reconsideration of the case. We do not think that the point in reference to the jurisdiction of the appellate court to make the order modifying or correcting the judgment is well taken. That court was the court of last resort in the case, and had the right to determine the question of jurisdiction. It was the exclusive judge of its own jurisdiction. *State* v. *Waupacca County Bank,* 20 Wis. 640; *Bridge Co.* v. *Stewart,* 3 How. 413. The power to modify judgments is granted to the appellate court by sections 3005, 3006, Comp. Laws Utah 1888. It is clear that this is an appeal from a judgment entered precisely in accordance with the mandate of the supreme court, and comes within the doctrine announced in the case of *Krantz* v. *Railway Co.,* 13 Utah 1, 43 Pac. 623, which we reaffirm; and, on the authority of that case, the motion to dismiss is sustained. The appeal is dismissed.

ZANE, C. J., concurs. MINER, J., did not sit in this cause.