397 P.2d 988

**John GALANIS, Plaintiff and Appellant,**

**v.**

**Donald H. MOYES and Betty Moyes, his wife, Defendants and Respondents.**

**No. 10134.**

Supreme Court of Utah.

Jan. 5, 1965.

Alan D. Frandsen, Salt Lake City, for appellant.

Lee W. Hobbs, Salt Lake City, for respondents.

PER CURIAM.

This is an appeal from a judgment of dismissal. Plaintiff was one of six persons who undertook a venture that proved to be unsuccessful. A loan agency secured judgment against all six, four of whom paid off, the defendants not responding with their pro rata share. After receiving assignments from three of the paying judgment debtors, plaintiff sued the other two defendants demanding contribution. That action was dismissed on February 21, 1964.

On February 28th, a second complaint was filed against the defendants, the allegations of which were almost identical to the first action, except that plaintiff alleged that he did not desire to pursue his remedy provided for in Rule 69(h) Utah Rules of Civil Procedure.[1] Having abandoned this avenue we are not prepared to say what the result would have been had he pursued it.

On motion of defendants, the second action also was dismissed on April 6, 1964, the judgment of dismissal reciting that the complaint in the second action was "substantially identical" to that of the first complaint, and that hence the matter was res judicata.

The very next day, April 7, 1964, plaintiff moved the court in the *first* action to extend the time to appeal that case under Rule 73(a) on the ground of counsel's "excusable neglect to examine the docket." This motion was supported by counsel's affidavit that on "April 3, 1964, I received knowledge that the order of dismissal was entered on February 21, 1964" after he had examined the docket. At this time the time for appeal long since had expired. However, it is significant that even assuming that he did not know of the dismissal of the first action before April 3, 1964, he did nothing in asking for an extension of time until April 7th, one day after the dismissal of the second action on April 6th.

Firstly, the affidavit of counsel does not appear to be sufficient to establish relief on the grounds of excusable neglect because, through his neglect, he did not check the docket. Secondly, his immediate action one day after dismissal of the second action, in an effort to revive the first, hardly is consistent with his neglect to check the docket for 43 days as to the first action.[2] Thirdly, he admitted by interrogatories that he "always wanted to appeal the first cause of action, but my client didn't think that was the wisest path to follow, and * * * I hadn't made up my mind one way or the other."

The appeal was taken from the dismissal of the first cause of action, and none was taken from the second. We are convinced that there was no justification for granting the extension of time to file an appeal in the first cause of action, under the facts and chronologies of these two cases, and we affirm the dismissal of the first, and having

1. " * * * The person entitled to contribution * * * *shall*, within one month after payment * * * file in the court where the judgment was rendered a notice of such payment and his claim for contribution * * *. Upon the filing of such notice, the clerk must make an entry thereof in the margin of the docket which shall have the effect of a judgment against the other judgment debtors to the extent of their liability for contribution * * *."

2. It is difficult to understand why an identical second action was filed one week after dismissal of the first, without someone having knowledge of such dismissal.

nothing before us on appeal as to the second, make no determination as to the latter. Were we to decide otherwise litigants could file one case and be defeated, then file another, in identical terms, await the outcome of the latter, claim excusable neglect, revive the former and thus become the beneficiary of two trials on identical facts. The rules, in letter or spirit, do not contemplate such procedures. The judgment of the trial court is affirmed, with costs to respondents.