Glen C. WEISER, Plaintiff and Appellee,

v.

UNION PACIFIC RAILROAD COMPANY, a corporation, Defendant and Appellant.

No. 950471.

Supreme Court of Utah.

Feb. 14, 1997.

Steven W. Call, Salt Lake City, for plaintiff and appellee.

Morris O. Haggerty, J. Clare Williams, Salt Lake City, for defendant and appellant.

HOWE, Justice:

Union Pacific Railroad Company appeals from a partial grant of summary judgment in this quiet title action holding invalid Union Pacific's claim, under the Conditional Land Grant Act of 1870, to a 400–foot–wide right-of-way centered on its tracks in Davis County, Utah, which overlaps property claimed by plaintiff Glen C. Weiser.

In 1873, Weiser's most remote predecessor in interest purportedly received title to the disputed land through a federal land grant patent issued by President Ulysses S. Grant. In 1935, the district court for Davis County quieted title to the disputed property in Roelof Steenblik, one of Weiser's predecessors in interest. All known entities with a possible claim to the property were made parties to that action. The Railroad was not made a party because there was no public record of its interest. The Railroad did receive constructive notice by publication, however. In 1982, Union Pacific began construction of a semi-truck loading facility on the disputed property. In 1987, Weiser discovered the Railroad's use of the property and through counsel requested the Railroad to surrender and vacate the property. The Railroad refused, and Weiser had Associated Title Company prepare a title report, which showed that Weiser owned the property in fee simple. He again made a formal demand that the Railroad surrender and vacate the property. Union Pacific again refused. Plaintiff brought this action to gain possession of and to quiet title to the property. Union Pacific counterclaimed, contending that the United States had granted its predecessor in interest, Utah Central Railroad, a 400–foot–wide "right-of-way through public lands for the construction of a railroad and telegraph" in March of 1870. One of the conditions of the grant was that within three months after the passage of the 1870 Act, the Railroad file with the Secretary of Interior a map approved by him "exhibiting the line of said company, as the same has been located and constructed." The parties dispute whether this condition was fulfilled. Weiser contends that because the Railroad did not timely file a certified map that was accepted by the Secretary of Interior, the Railroad's grant of right-of-way fails.

■ After extensive research and historical analysis, the trial court granted a partial summary judgment that the grant to the Railroad failed for lack of condition. The court certified its partial summary judgment as final under Utah Rule of Civil Procedure 54(b) and explicitly "reserved for further proceedings the parties' other claims in the case, including their claims of title based upon other theories of law and/or equity." Weiser opposed the motion for certification and now argues that this court lacks jurisdiction because "[t]he Partial Summary Judgment entered by the Trial Court is not an order which can be certified final under Rule 54(b)." He offers no support for his contention. However, "a lack of [subject matter] jurisdiction can be raised at any time by either party or by the court." *Olson v. Salt Lake City Sch. Dist.,* 724 P.2d 960, 964 (Utah 1986); *see also Petersen v. Utah Bd. of Pardons,* 907 P.2d 1148, 1151 (Utah 1995).

■ In *Kennecott Corp. v. Utah State Tax Commission,* 814 P.2d 1099, 1101 (Utah 1991), we reviewed the requirements for certification of a partial judgment as final. There, we reiterated our holding in *Pate v. Marathon Steel Co.,* 692 P.2d 765, 767 (Utah 1984):

> First, there must be multiple claims for relief or multiple parties to the action. Second, the judgment appealed from must have been entered on an order that would have been appealable but for the fact that other claims or parties remain in the action. Third, the trial court, in its discretion, must make a determination that "there is no just reason for delay" of the appeal.

In the case before us, the trial court appears to have confused "claim" and "issue." Certification requires different claims, not merely different issues. Here we have one claim—ownership of the disputed land—supported by different legal theories.

The trial court stated that the issue of the validity of the land grant was a core dispositive issue, because a decision in Union Pacific's favor would moot the other claims and render further proceedings unnecessary.

Therefore, there was "no just reason to delay directing entry of final judgment." While it may be true that if we were to find that Union Pacific prevails under the grant, Weiser's other arguments would be irrelevant, the trial court failed to consider the opposite case.[1] If Union Pacific were to lose on appeal on the land-grant issue, it could pursue its claim under one of the reserved theories of law and/or equity, resulting in a piecemeal appeal. We held in *Bennion v. Pennzoil Co.*, 826 P.2d 137, 138 (Utah 1992), that "a claim is not separate if a decision on claims remaining below would moot the issues on appeal." Here, a ruling that Union Pacific owns the disputed land under, for example, adverse possession would moot the appeal now before us. Thus, to hear this case in its present form would be to risk a waste of judicial resources.

Apparently relying on our statement in *Kennecott*, 814 P.2d at 1103 (quoting *Indiana Harbor Belt R.R. v. American Cyanamid Co.*, 860 F.2d 1441, 1445 (7th Cir.1988)), that the determination of the separateness of a claim " 'focuses on the degree of factual overlap between the issue certified for appeal and the issues remaining in the district court,' " the trial court stated that the judgment was appropriate for certification because the underlying action involved "multiple claims for relief which do not arise out of the same set of operative facts." It is true that the facts supporting ownership under the land grant and under different theories of law and equity do not overlap. These separate facts, however, all relate to the single land ownership claim. In sum, here there are neither multiple parties nor multiple claims. Therefore, the partial summary judgment is not certifiable under rule 54(b), and we dismiss this appeal for lack of jurisdiction.

ZIMMERMAN, C.J., STEWART, Associate C.J., and DURHAM and RUSSON, JJ., concur in Justice HOWE's opinion.

---

**1.** This is rather surprising, considering that the trial court itself concluded that Union Pacific did *not* prevail.