2008 UT 19

**Weston POWELL and Shannon Powell, individually, and on behalf of Anniston Powell, a minor, Plaintiffs and Appellants,**

v.

**Cynthia CANNON, M.D.; Salt Lake Regional Medical Center; Avenues Women's Center, LC; and Does I through V, Defendants and Appellees.**

No. 20060776.

Supreme Court of Utah.

Feb. 26, 2008.

Todd Wahlquist, Salt Lake City, for plaintiffs.

Elliott J. Williams, Carolyn S. Jensen, Stephen Hester, Salt Lake City, for defendants Dr. Cannon and Avenues Women's Center.

Rodney R. Parker, Brian P. Miller, Heidi J. Alder, Salt Lake City, for defendant Salt Lake Regional Medical Center.

PARRISH, Justice:

## INTRODUCTION

¶ 1 This case presents us with issues surrounding the enforceability of an arbitration agreement. Specifically, we are asked to decide whether a parent can bind his or her unborn child to an arbitration agreement with a health care provider and whether the execution of the arbitration agreement in this case was procedurally unconscionable. Before considering these issues, however, we must determine whether the district court's order compelling arbitration and staying the underlying litigation constitutes a final appealable order. Because we conclude that it does not, we dismiss the appeal for lack of jurisdiction.

## BACKGROUND

¶ 2 Shannon Powell and her husband Weston (collectively, "the Powells") filed suit against Dr. Cynthia Cannon ("Dr.Cannon"), the Avenues Women's Center ("the Center"), and Salt Lake Regional Medical Center ("SLRMC") (collectively, "Defendants"). The complaint alleged claims for negligence arising from the medical care provided to Shannon and her child as she gave birth on December 7, 2002, at SLRMC. Specifically, the Powells claim that Dr. Cannon, the delivery doctor, applied excessive traction to the child's head, resulting in a brachial plexus injury, and that Defendants were negligent in failing to perform a caesarean section.

¶ 3 Dr. Cannon and the Center filed a motion to stay litigation and compel arbitration pursuant to Utah Code section 78–31a–4 (2002) (repealed and replaced by section 78–31a–108).[1] SLRMC later joined the motion. The motion was grounded on an arbitration agreement signed by Shannon on her first visit with Dr. Cannon at the Center.

¶ 4 Under the arbitration agreement, "[a]ll claims for monetary damages against the physician [or any related party] must be arbitrated." The agreement also states an intention to bind "any spouse or heirs of the patient and any children, whether born or unborn" at the time of the injury. The agreement ends with a signature line for the patient and a statement that the patient's signature indicates that the patient read and understood the agreement, that the agreement was verbally explained to the patient, and that the patient was given the opportunity to have all of her questions answered.

¶ 5 The Powells opposed the motion to stay litigation and compel arbitration, arguing (1) that the arbitration agreement should not be enforced because its execution was procedurally unconscionable, (2) that the agreement was invalid because it was never verbally

1. Between the time Shannon signed the arbitration agreement and the time she brought suit, the legislature replaced the Utah Arbitration Act, Utah Code Ann. §§ 78–31a–1 to –20, with the Utah Uniform Arbitration Act, Utah Code Ann. §§ 78–31a–101 to –131. Throughout this opinion, we refer to the most recent version, the Utah Uniform Arbitration Act, because the relevant statutes are procedural and "procedural statutes enacted subsequent to the initiation of a suit which do not enlarge, eliminate, or destroy vested or contractual rights apply not only to future actions, but also to accrued and pending actions as well." *Dep't of Soc. Servs. v. Higgs,* 656 P.2d 998, 1000 (Utah 1982); *see also Docutel Olivetti Corp. v. Dick Brady Sys., Inc.,* 731 P.2d 475, 478 (Utah 1986) (holding that section 78–31a–19 was procedural).

explained and because it had been required as a condition of medical treatment, and (3) that an arbitration agreement cannot bind an unborn child.

¶ 6 Following an evidentiary hearing, the district court entered an order staying the litigation and compelling arbitration. The district court supported the order with findings of fact and conclusions of law stating that (1) the manner in which the parties entered into the arbitration agreement was not procedurally unconscionable, (2) the terms of the arbitration agreement were not substantively unconscionable, and (3) Shannon had the legal authority to bind her unborn child to arbitration of all claims arising from Defendants' care.

¶ 7 The Powells appealed the district court's order, and Defendants countered with a motion to dismiss for lack of jurisdiction, arguing that the district court's order compelling arbitration and staying litigation was not a final order from which an appeal could be taken. The Powells opposed the motion and filed an alternative petition asking us to treat the matter as a petition for interlocutory appeal.

¶ 8 We entered an order that deferred ruling on Defendants' motion to dismiss and allowed the parties to brief the merits of their claims. However, we denied the Powells' request to treat their notice of appeal as a petition for an interlocutory appeal because it was not filed within the requisite time period.

## STANDARD OF REVIEW

¶ 9 "This court is the exclusive judge of its own jurisdiction." [2] The question of whether an order is final and appealable [3] is a question of law.[4]

## ANALYSIS

¶ 10 We first consider whether the district court's order compelling arbitration and staying litigation is a final order from which an appeal may be taken. The Powells argue that the order is final, in which case we have jurisdiction to reach the merits of their claims.[5] Defendants, on the other hand, argue that the order is not final because the Powells' underlying claims remain viable pending the entry of an order enforcing the arbitration award.

¶ 11 A party may appeal "all final orders and judgments" from a district or juvenile court, except as otherwise provided by law.[6] "For an order or judgment to be final, it 'must dispose of the case as to all the parties, and finally dispose of the subject-matter of the litigation on the merits of the case.' " [7] In other words, it must "end[ ] the controversy" between the litigants,[8] " 'leav[ing] nothing for the court to do but execute the judgment.' " [9]

¶ 12 The final judgment requirement is jurisdictional.[10] Therefore, if the

2. *Miller v. USAA Cas. Ins. Co.*, 2002 UT 6, ¶ 18, 44 P.3d 663 (citing *First Nat'l Bank of Hailey, Idaho v. Lewis*, 13 Utah 507, 45 P. 890, 891 (1896)).

3. *See Bradbury v. Valencia*, 2000 UT 50, ¶ 9, 5 P.3d 649 ("An appeal is improper if it is taken from an order or judgment that is not final, unless it fits within an exception to the final judgment rule." (citations omitted)).

4. *Miller*, 2002 UT 6, ¶ 18, 44 P.3d 663 (citing *Pledger v. Gillespie*, 1999 UT 54, ¶ 16, 982 P.2d 572).

5. *See* Utah Code Ann. § 78–2–2(3)(j) (2002) (authorizing appellate jurisdiction over "orders, judgments, and decrees of any court of record over which the Court of Appeals does not have original appellate jurisdiction"); *id.* § 78–31a–129(1)(f) (authorizing appeals from "a final judgment entered pursuant to this chapter").

6. Utah R.App. P. 3(a).

7. *Bradbury v. Valencia*, 2000 UT 50, ¶ 9, 5 P.3d 649 (emphasis omitted) (quoting *Kennedy v. New Era Indus., Inc.*, 600 P.2d 534, 536 (Utah 1979)).

8. *Kennedy*, 600 P.2d at 536 (citing *J.B. & R.E. Walker, Inc. v. Thayn*, 17 Utah 2d 120, 405 P.2d 342 (1965)).

9. *Crosland v. Peck*, 738 P.2d 631, 632 (Utah 1987) (quoting *Olson v. Salt Lake City Sch. Dist.*, 724 P.2d 960, 965 (Utah 1986)).

10. *Loffredo v. Holt*, 2001 UT 97, ¶ 11, 37 P.3d 1070 ("We have repeatedly affirmed the viability of the final judgment rule as a barrier to our jurisdiction." (citations omitted)); *see also Bradbury*, 2000 UT 50, ¶ 9, 5 P.3d 649 ("An appeal is improper if it is taken from an order or judgment that is not final, unless it fits within an exception to the final judgment rule." (citations omitted)).

final judgment rule is not satisfied, we lack jurisdiction over the appeal and must dismiss it.[11] We have strictly adhered to this rule [12] because limiting appeals to final judgments preserves scarce judicial resources by preventing a party from prematurely appealing a nonfinal judgment, which would result in piecemeal litigation.[13] Strict adherence to the final judgment rule also maintains "the proper relationship between this Court and the trial courts." [14]

¶ 13 There are, however, exceptions to the final judgment rule. These exceptions allow parties to secure appellate review of a nonfinal order in certain circumstances.[15] The first such circumstance is when the legislature provides a statutory avenue for appealing nonfinal orders.[16] For example, Utah Code section 78–31a–129(1)(a) allows for appeals from any court order "denying a motion to compel arbitration." The second such circumstance is when a party obtains permission from the appellate court to appeal an interlocutory order pursuant to rule 5 of the Utah Rules of Appellate Procedure.[17] The third circum-

stance is when the district court certifies an order as final under rule 54(b) of the Utah Rules of Civil Procedure.[18]

¶ 14 In summary, we have jurisdiction to hear this appeal only if the order compelling arbitration and staying litigation satisfies the final judgment rule or falls within one of the recognized exceptions to that rule.

## I. AN ORDER STAYING LITIGATION AND COMPELLING ARBITRATION IS NOT A FINAL JUDGMENT BECAUSE IT DOES NOT END THE CONTROVERSY BETWEEN THE PARTIES

¶ 15 A district court's order is a final judgment only if it ends the controversy between the parties by finally disposing of the litigation on the merits as to all claims and all parties.[19] If any issue remains pending, the final judgment rule is not satisfied.[20] We previously have held that a judgment is not final if the district court has failed to determine whether attorney fees should be awarded [21] or if other claims, such as a coun-

11. *Loffredo*, 2001 UT 97, ¶ 11, 37 P.3d 1070.

12. *See, e.g., Bradbury*, 2000 UT 50, ¶ 11, 5 P.3d 649 (dismissing appeal from summary judgment for failing to comply with final judgment rule when a counterclaim and an intervening claim remained pending before the trial court); *ProMax Dev. Corp. v. Raile*, 2000 UT 4, ¶ 15, 998 P.2d 254 (dismissing for lack of final judgment where request for attorney fees remained pending before the trial court); *A.J. Mackay Co. v. Okland Constr. Co.*, 817 P.2d 323, 324–25 (Utah 1991) (dismissing appeal from grant of summary judgment for not complying with the final judgment rule because a counterclaim remained pending before the trial court); *Kennedy*, 600 P.2d at 536 (dismissing for lack of final judgment where actions against other defendants and a cross-claim remained alive in the trial court).

13. *Loffredo*, 2001 UT 97, ¶ 11, 37 P.3d 1070.

14. *Kennedy*, 600 P.2d at 537.

15. *See, e.g., Tyler v. Dep't of Human Servs.*, 874 P.2d 119, 120 (Utah 1994) (per curiam) (describing the three avenues available to parties who wish to appeal nonfinal orders); *A.J. Mackay Co.*, 817 P.2d at 325 (describing certification and interlocutory appeal).

16. *See Bradbury*, 2000 UT 50, ¶ 12, 5 P.3d 649 ("[O]rders and judgments that are not final can

be appealed if such appeals are statutorily permissible ...." (citation omitted)).

17. *See, e.g., Manwill v. Oyler*, 11 Utah 2d 433, 361 P.2d 177, 178 (1961) (stating that interlocutory appeals are intended to promote efficiency and should be allowed in two circumstances: (1) if the issue "appears essential to adjudicate principles of law or procedure in advance as a necessary foundation upon which the trial may proceed" or (2) if it appears likely that the appeal will dispose of the issue).

18. *See, e.g., Kennecott Corp. v. State Tax Comm'n*, 814 P.2d 1099, 1100–01 (Utah 1991) (explaining proper circumstances under which a party can request that the trial court certify an interlocutory order, which would force the appellate court to entertain the appeal).

19. *Loffredo v. Holt*, 2001 UT 97, ¶ 12, 37 P.3d 1070.

20. *Id.* ¶ 14 ("[T]he final judgment rule does not stand for the proposition that the lower court need only resolve the majority of the claims for us to entertain the case. Rather it requires that all claims ... be decided in order for a decision to be appropriately appealed to this court.").

21. *Id.* ¶ 12; *ProMax Dev. Corp. v. Raile*, 2000 UT 4, ¶ 15, 998 P.2d 254 ("[I]n the interest of judi-

terclaim [22] or a cross-claim,[23] remain pending.

¶ 16 In *Miller v. USAA Casualty Insurance Co.*, we considered whether an order compelling appraisal constituted a final order.[24] The Millers had contracted with USAA Casualty Insurance Company to insure their home.[25] The contract contained a clause requiring that any disagreement with respect to the amount of loss from property damage be settled by an independent appraisal.[26] We held that an order compelling the parties to obtain an appraisal was not final because "the claims remain[ed] pending between the parties and the controversy between the litigants [was] perpetuated." [27]

¶ 17 Although there are significant differences between arbitration and appraisal (most importantly, the fact that an arbitration award is binding and enforceable in court while an appraisal award is only evidence to be considered by the court),[28] *Miller's* holding is instructive because it explains that after the order compelling the parties to obtain an appraisal, "all of the Millers' claims were still pending, viable, and cognizable pursuant to that order, albeit in front of an appraisal panel. Thus, [the order] failed to dispose of the Millers' claims on their merits and did not end the controversy between the litigants." [29]

¶ 18 In this case, the order compelling arbitration and staying litigation neither ended the controversy between the litigants nor disposed of the subject matter of the litigation. Indeed, the district court retained jurisdiction over the case by staying the liti-

gation pending the completion of the arbitration. Until the district court enters judgment on the arbitration award, the Powells' underlying claims for medical malpractice remain viable and cognizable. According to statute, the district court retains "exclusive jurisdiction ... to enter judgment on an award" from arbitration.[30] Moreover, the court may modify or correct an arbitration award before entering a judgment on it.[31] The court may also vacate the award for various reasons, including corruption, misconduct, partiality, abuse of authority, or procedural defects that substantially prejudiced the rights of a party.[32] Furthermore, the court retains jurisdiction to grant attorney fees and expenses for any litigation regarding the confirmation, modification, or vacation of an award.[33]

¶ 19 Most importantly for this case, the district court may vacate the award if "there was no agreement to arbitrate," as long as the party objected before participating in the arbitration proceeding.[34] In other words, after participating in the arbitration, the Powells may file a motion requesting that the district court vacate the arbitration award for the same reasons they raise here on appeal.

¶ 20 The court of appeals was presented with precisely this situation in *Cade v. Zions First National Bank*.[35] Cade was an employee of Zions First National Bank who initiated a lawsuit against the bank, alleging that his employment had been improperly terminated.[36] The bank moved to compel arbitration under an agreement that Cade had signed.

cial economy, a trial court must determine the amount of attorney fees awardable to a party before the judgment becomes final for the purposes of an appeal under Utah Rule of Appellate Procedure 3.").

**22.** *Bradbury v. Valencia*, 2000 UT 50, ¶ 11, 5 P.3d 649; *A.J. Mackay Co. v. Okland Constr. Co.*, 817 P.2d 323, 325–26 (Utah 1991).

**23.** *Kennedy v. New Era Indus., Inc.*, 600 P.2d 534, 535–37 (Utah 1979).

**24.** 2002 UT 6, ¶¶ 22–23, 44 P.3d 663.

**25.** *Id.* ¶ 2.

**26.** *Id.*

**27.** *Id.* ¶ 23.

**28.** *Id.* ¶¶ 32–37.

**29.** *Id.* ¶ 24.

**30.** Utah Code Ann. § 78–31a–127(2) (2002).

**31.** *Id.* § 78–31a–125.

**32.** *Id.* § 78–31a–124(1)(a)–(f).

**33.** *Id.* § 78–31a–126(3).

**34.** *Id.* § 78–31a–124(1)(e).

**35.** 956 P.2d 1073 (Utah Ct.App.1998).

**36.** *Id.* at 1075.

Cade argued, however, that the arbitration agreement was only between himself and an umbrella organization, not between himself and the bank. The district court issued an order compelling arbitration and staying litigation and certified the order as ripe for appeal. Rather than appealing the issue of whether the arbitration clause was valid, Cade participated in arbitration. Following arbitration, Cade moved to vacate the arbitration award, arguing that " 'there was no arbitration agreement between the parties to the arbitration proceeding.' " [37] The bank argued that Cade had waived his right to challenge the award by participating in the arbitration. In concluding otherwise, the court of appeals noted that "[c]ourts from other jurisdictions have repeatedly held that orders compelling arbitration and staying the underlying action are not final orders and thus are not immediately appealable." [38] We agree. Therefore, we hold that an order staying litigation and compelling arbitration is not a final order from which an appeal may be taken.

¶ 21 We recognize that other courts have held to the contrary [39] and that our holding could conceivably require parties to proceed in two forums in those cases where a party challenges the validity of an arbitration agreement but is not able to appeal an adverse ruling on that issue until after the arbitration has been completed. We conclude, however, that the recognized exceptions to the final judgment rule, specifically petitions for interlocutory appeal and certification under rule 54(b) of the Utah Rules of Civil Procedure, provide sufficient avenues to safeguard against this possibility.

## II. NO STATUTORY EXCEPTION TO THE FINAL JUDGMENT RULE APPLIES, AND THE POWELLS FAILED TO USE APPROPRIATE AVENUES FOR SECURING REVIEW OF A NONFINAL ORDER

¶ 22 Because an order compelling arbitration and staying litigation is not final, we lack jurisdiction over this case unless it falls within one of the exceptions to the final judgment rule. We conclude that this case fails to qualify for any of the exceptions. First, the legislature has not provided for a statutory right to appeal orders compelling arbitration. Second, the Powells did not timely petition this court for permission to pursue an interlocutory appeal. Finally, the Powells did not request that the district court certify the issue for immediate appeal, although certification would likely have been appropriate.

### A. The Legislature Has Not Authorized Appeals from Nonfinal Orders Compelling Arbitration

¶ 23 The Utah Uniform Arbitration Act [40] authorizes immediate appeal from orders denying arbitration.[41] This exception to the final judgment rule is one-sided, however, because it authorizes immediate appeal only from orders *denying* motions to compel arbitration—not from orders *granting* motions to compel arbitration. In *Pledger v. Gillespie,* we applied this statutory exception in considering whether the court of appeals erred in dismissing an appeal from the denial of a motion to compel arbitration.[42] The parties in the case—a doctor, a patient, and an insurance company—disagreed regarding the payment for medical services.[43] The insurance agreement under which the doctor provided services to the patient contained a clause

---

37. *Id.* at 1075 n. 1 (quoting Utah Code Ann. § 78–31a–14(1)(e) (1992)).

38. *Id.* at 1080.

39. *See, e.g., Evansville–Vanderburgh Sch. Corp. v. Evansville Teachers Ass'n,* 494 N.E.2d 321, 322 (Ind.Ct.App.1986) (listing both cases holding that orders compelling arbitration are final judgments and cases holding that they are not); *see also* David B. Harrison, Annotation, *Appealability of State Court's Order or Decree Compelling or Refusing to Compel Arbitration,* 6 A.L.R.4th 652 (1981 & Supp.2001) (same).

40. Utah Code Ann. §§ 78–31a–1 to –20 (2002) (repealed May 15, 2003, and replaced by Utah Uniform Arbitration Act, Utah Code Ann. §§ 78–31a–101 to –131 (2002 & Supp.2007)).

41. *Id.* § 78–31a–129(1)(a).

42. 1999 UT 54, 982 P.2d 572.

43. *Id.* ¶ 2.

requiring arbitration of all payment disputes. The insurance company moved to compel arbitration. The district court denied the motion, and the insurance company appealed.[44] The court of appeals dismissed the appeal for lack of jurisdiction, reasoning that the judgment was not final because other claims against the insurance company remained pending in the district court.[45] On certiorari review, we held that the plain language of section 78–31a–19(1), the predecessor to section 78–31a–129, gave a party the right to seek review of any order denying a motion to compel arbitration "regardless of whether the order is a final judgment or has otherwise been designated as final by the district court." [46] Thus, the insurance company could immediately appeal the district court's order denying the motion to arbitrate. Unfortunately for the Powells, there is no similar statutory authorization to immediately appeal orders granting motions to compel arbitration.

¶ 24 Despite the lack of statutory authorization to immediately appeal orders compelling arbitration, the Powells rely on language from *Amalgamated Transit Union v. Utah Transit Authority*[47] to argue that such orders are immediately appealable because section 78–31a–129 "added to, rather than subtracted from, the situations where an appeal may be filed as a matter of right." This argument is unavailing in light of our prior conclusion that the order compelling arbitration in this case is not a final appealable order. Moreover, their argument takes the language from *Amalgamated Transit Union* out of context. In *Amalgamated Transit Union,* all of the parties conceded that the order compelling arbitration was a final judgment because it was the only relief requested.[48] Despite this fact, Amalgamated Transit argued that the order was nonetheless not appealable because section 78–31a–19 did not

explicitly provide for the appeal of an order compelling arbitration. Contrary to the Powells' argument, the holding of *Amalgamated Transit Union* merely reiterated the final judgment rule. The order compelling arbitration in that case was appealable because "[h]aving granted the order compelling arbitration, there [was] nothing left for the district court to rule upon." [49] In contrast, the order compelling arbitration in this case was not otherwise a final appealable order.

*B. It Would Be Inappropriate to Treat the Powells' Appeal as an Interlocutory Appeal Because Their Petition for Interlocutory Appeal Was Not Filed Within the Requisite Time Period*

¶ 25 In responding to Defendants' motion to dismiss the appeal for lack of jurisdiction, the Powells filed an alternative petition requesting permission to file an interlocutory appeal under rule 5 of the Utah Rules of Appellate Procedure. By prior order, we denied their request on the ground that it was untimely. Unless an order is certified as final pursuant to rule 54(b) of the Rules of Civil Procedure, any petition seeking interlocutory review must be filed within twenty days of the issuance of the order sought to be appealed.[50] This requirement is jurisdictional, and " 'acquiescence of the parties is insufficient to confer jurisdiction on the court.' " [51] Because the Powells did not seek interlocutory review within twenty days, they were ineligible for relief.

*C. While Rule 54(b) Certification May Have Been Appropriate, the Powells Did Not Seek It in the District Court*

¶ 26 In a case involving multiple claims for relief or multiple parties, a party may obtain interlocutory appellate review by asking the district court to certify a ruling as final pursuant to rule 54(b) of the Utah Rules

44. *Id.* ¶¶ 10–11.

45. *Id.* ¶ 11.

46. *Id.* ¶ 17.

47. 2004 UT App 310, ¶ 11, 99 P.3d 379.

48. *Id.* ¶ 9.

49. *Id.* ¶ 13.

50. *See Tyler v. Dep't of Human Servs.,* 874 P.2d 119, 120 (Utah 1994) (per curiam) (dismissing appeal because the parties did not seek permission from the court to file an interlocutory appeal and because no final judgment had been entered in the case).

51. *Bradbury v. Valencia,* 2000 UT 50, ¶ 8, 5 P.3d 649 (quoting *A.J. Mackay Co. v. Okland Constr. Co.,* 817 P.2d 323, 325 (Utah 1991)).

of Civil Procedure.[52] Proper certification in compliance with rule 54(b) "force[s] the appellate court to entertain the appeal."[53] There are three requirements for certification under rule 54(b):

First, there must be multiple claims for relief or multiple parties to the action. Second, the judgment appealed from must have been entered on an order that would be appealable but for the fact that other claims or parties remain in the action. Third, the trial court, in its discretion, must make a determination that there is no just reason for delay of the appeal.[54]

¶ 27 It appears that these requirements are met in this case. First, the case contains separate claims for relief. The Powells asserted claims for medical negligence against Dr. Cannon, SLRMC, and the Center, while Defendants requested enforcement of the arbitration agreement.

 ¶ 28 Second, the order compelling arbitration is a *final judgment* as to one or more ... of the claims."[55] In *Kennecott Corp. v. State Tax Commission,* we explained that an order can meet this finality requirement only if it relies on facts different from those underlying the other claims.[56] Thus, finality depends on the "'degree of factual overlap'" between the order appealed from and the claims remaining before the lower court.[57] Here, there is virtually no factual overlap. The facts regarding the enforceability of the arbitration agreement revolve around the circumstances under which Shannon signed the agreement on May 17, 2002. In contrast, the facts regarding the medical negligence claims involve the decisions and the actions taken on December 7,

2002, as Shannon gave birth. Thus, there is no factual overlap.

¶ 29 Finally, the district court would have been well within its discretion had it determined that there is "no just reason for delay" in appealing the order compelling arbitration inasmuch as such certification would preclude the unfortunate possibility of requiring that the parties present their claims in two forums. Furthermore, determining whether an arbitration clause is enforceable is precisely the type of essential issue that is a "necessary foundation on which the trial may proceed."[58]

¶ 30 Despite the fact that the order compelling arbitration and staying litigation may have been appropriate for certification, the Powells failed to request it from the district court. Their failure to obtain certification deprives this court of jurisdiction over the appeal.

## CONCLUSION

¶ 31 In conclusion, the order compelling arbitration and staying litigation is not a final judgment from which an appeal may be taken. We lack jurisdiction over this appeal and therefore dismiss the appeal without reaching the substantive issues raised by the parties.

¶ 32 Chief Justice DURHAM, Associate Chief Justice WILKINS, Justice DURRANT, and Justice NEHRING concur in Justice PARRISH's opinion.

---

**52.** *See Kennecott Corp. v. State Tax Comm'n,* 814 P.2d 1099, 1100 (Utah 1991).

**53.** *Id.*

**54.** *Id.* at 1101 (citation and internal quotation marks omitted).

**55.** Utah R. Civ. P. 54(b) (emphasis added).

**56.** 814 P.2d at 1103.

**57.** *Id.* (quoting *Ind. Harbor Belt R.R. v. Am. Cyanamid Co.,* 860 F.2d 1441, 1444 (7th Cir. 1988)); *see also Weiser v. Union Pac. R.R.,* 932 P.2d 596, 598 (Utah 1997) (finding certification

inappropriate where separate theories for relief all relate to a single claim of land ownership); *Bennion v. Pennzoil Co.,* 826 P.2d 137, 138 (Utah 1992) ("[A] claim is not separate if a decision on claims remaining below would moot the issues on appeal."); *Webb v. Vantage Income Props.,* 818 P.2d 1, 2 (Utah 1991) (dismissing certification from trial court because four other causes of action remained pending before the trial court, each arising from the same factual circumstances).

**58.** *Manwill v. Oyler,* 11 Utah 2d 433, 361 P.2d 177, 178 (1961) (explaining that the desired objective of interlocutory appeals is to promote efficient procedure).