2023 UT App 64

## THE UTAH COURT OF APPEALS

BORZIN MOTTAGHIAN,
Petitioner,

*v.*

STATE OF UTAH,
Respondent.

Per Curiam Opinion
No. 20230235-CA
Filed June 8, 2023

Fourth District Court, American Fork Department
The Honorable Roger W. Griffin
No. 201100488

Ann M. Taliaferro, Attorney for Petitioner

Sean D. Reyes and Connor Nelson, Attorneys
for Respondent

Before JUDGES RYAN M. HARRIS, RYAN D. TENNEY,
and JOHN D. LUTHY.

PER CURIAM:

¶1    Borzin Mottaghian petitions for permission to bring an interlocutory appeal from the trial court's order denying his "motion to clarify." We deny his petition because it was untimely, and we therefore have no jurisdiction to consider it.

¶2    With regard to timeliness, the governing rule provides as follows: "The petition [for permission to appeal from an interlocutory order] must be filed within 21 days after the trial court's order is entered, and served on all other parties to the

action." Utah R. App. P. 5(a).[1] In this case, the trial court's order was entered on February 9, 2023. Mottaghian's petition was not filed in this court until March 27, some 46 days after entry of the relevant order.

¶3    Despite the petition not having been filed within 21 days of the court's order, Mottaghian asserts that his petition was nevertheless timely, and he makes two arguments in this regard, neither of which we find persuasive. First, Mottaghian mounts a textual argument, and asserts that, under the language of the rule, his 21-day window did not start to run until the court's order was "served on all other parties to the action." *Id.* But Mottaghian misinterprets the rule. The placement of the comma after the word "entered" is important and indicates that the textual antecedent for the verb "served" is not the court's order, but his petition. Thus, the rule requires only that *his petition* be "served on all other parties," not that the order must be so served before the time period in question starts to run. The rule quite plainly requires that any petition "must be filed within 21 days after the trial court's order is entered," and Mottaghian's petition did not meet this requirement.

¶4    We recognize that, due to some sort of clerical error at the trial court level, the court's order was never actually served on Mottaghian's counsel after it was entered in the court's docket.

---

1. We cite the language of the rule in effect at the time Mottaghian filed his petition. *See State v. Clark*, 2011 UT 23, ¶ 13, 251 P.3d 829 (stating that "we apply the law as it exists at the time of the event regulated by the law in question"). Rule 5(a) was amended effective May 1, 2023, and states that a petition must be "filed and served . . . within 21 days after the entry of the trial court's order," clarifying that the 21 days applies to the filing of the petition.

And we acknowledge that this circumstance is unfortunate.[2] But the time period in question, under the plain text of the rule, runs from the time the court's order was entered, not from when that order was served. And Mottaghian did not file his petition within 21 days of entry of the court's order.

¶5 Second, Mottaghian contends that his petition is timely because the trial court—recognizing its own clerical error— agreed to re-issue the order on March 7 in an apparent effort to restart Mottaghian's 21-day clock. The question presented here is whether the trial court had the authority to restart or otherwise extend the time to file a petition for interlocutory appeal. We conclude that it did not.

¶6 The time to file a petition for interlocutory appeal is jurisdictional. *Powell v. Cannon*, 2008 UT 19, ¶ 25, 179 P.3d 799. And appellate courts lack the authority to suspend the time to file a petition. Utah R. App. P. 2. Trial courts do have the authority, under certain circumstances, to extend the time to file an appeal from a *final* order. *See id.* R. 4(e). But no court has authority, by rule, to extend the time to file a petition for permission to bring an interlocutory appeal. *See generally id.* R. 5. Because there is no express authority granted to trial courts to extend the time to file

---

2. At the hearing on Mottaghian's motion, the trial court took the matter under advisement and stated it would issue a written ruling. Even without service of the order, counsel had notice that a ruling was forthcoming and could have monitored the docket, particularly if a petition for interlocutory appeal was contemplated. Failure to check the court docket for entry of orders does not constitute excusable neglect that would relieve a party from a jurisdictional time frame. *See Galanis v. Moyes*, 397 P.2d 988, 989 (Utah 1965) (per curiam); *see also West v. Grand County*, 942 P.2d 337, 340 (Utah 1997) (noting in a civil case that a finding of excusable neglect is prohibited "based solely on a court clerk's failure to mail notice").

a petition for permission to bring an interlocutory appeal, and any extension is in fact contrary to the rules of appellate procedure, we conclude that the trial court lacked the authority to "restart" Mottaghian's time to file such a petition, the court's clerical error notwithstanding.

¶7      In sum, Mottaghian's petition for permission to appeal the trial court's interlocutory order was not timely filed. Accordingly, we deny his petition as untimely.

———————