*This opinion is subject to revision before final publication in the Pacific Reporter*

**2025 UT 22**

IN THE

## SUPREME COURT OF THE STATE OF UTAH

JULIE ROSS and GERALD ROSS,

*Appellees,*

*v.*

STEVEN KRACHT and DENIELLE KRACHT,
*Appellants.*

No. 20230389
Heard: March 3, 2025
Filed: July 25, 2025

On Certification from the Court of Appeals

Eighth District Court, Duchesne County
The Honorable Samuel P. Chiara
No. 224000068

Attorneys:

Taylor P. Webb, Erin B. Hull, Salt Lake City, for appellees

Emily Adams, Sara Pfrommer, Bountiful, for appellant
Denielle Kracht

Alexandra Mareschal, Jason B. Richards, Salt Lake City,
for appellant Steven Kracht

CHIEF JUSTICE DURRANT authored the opinion of the Court, in
which ASSOCIATE CHIEF JUSTICE PEARCE, JUSTICE PETERSEN,
JUSTICE HAGEN, and JUSTICE POHLMAN joined.

CHIEF JUSTICE DURRANT, opinion of the Court:

### INTRODUCTION

¶1 A district court issued an order terminating Appellants Steven and Denielle Kracht's (Parents) parental rights to their biological children, R.K. and J.K. (Children). Parents seek to appeal

the termination order now, rather than wait to appeal it after resolution of the entire adoption action in district court. We conclude that they may do so.

¶2    Under the final judgment rule, a party cannot appeal an order until all issues in a case have been resolved, but there are some exceptions. Parents argue, and Appellee grandparents, Julie and Gerald Ross (Grandparents), agree, that Utah Code subsection 78B-6-112(3) contains a statutory exception to the final judgment rule that renders termination orders issued by district courts immediately appealable. But while the parties are aligned, the court of appeals disagrees. In its November 2024 decision *In re Adoption of K.R.S.*, the court of appeals held that no exception to the final judgment rule allows parties to appeal a district-court-issued termination order before it is final.[1] Specifically, the court of appeals concluded that under this court's precedents, the language of subsection 78B-6-112(3) is not clear and express enough to create an exception that would permit appeal of an order that would otherwise be considered nonfinal.[2]

¶3    The central issue in this case is the same one that was before the court of appeals in *K.R.S.*: whether a termination order issued by a district court is immediately appealable, and specifically whether subsection 78B-6-112(3) creates an exception to the final judgment rule that would allow a party to immediately appeal a termination order issued by a district court before the associated action concludes. We hold that the statutory language of Utah Code subsection 78B-6-112(3) creates such an exception to the final judgment rule.

## BACKGROUND

¶4    Since July 2020, Children have lived full time with Grandparents. In June 2022, Grandparents filed in district court a petition for adoption and to terminate Parents' rights on the grounds that neither parent has the capacity to care for their children. In March 2023, the district court terminated both Parents' parental rights, finding, among other things, that they had abandoned and neglected their children, that the father had abused the children, and that they were both unfit parents.

---

[1] 2024 UT App 165, ¶ 34, 561 P.3d 229.

[2] *Id.* ¶¶ 18–21.

¶5    While Grandparents' adoption petition was still pending, Parents appealed the district court's order terminating their parental rights to the court of appeals. The court of appeals certified this matter to us for original appellate review.

¶6    On appeal, the parties argue that we should overturn *In re Adoption of K.R.S.*[3] So *K.R.S.* plays a central role in our analysis of the case before us. On a stipulated motion, we sought briefing to answer the threshold question of whether the district court's nonfinal termination order is appealable.

## ANALYSIS

¶7    All parties seek the same outcome—a holding from this court that orders terminating parental rights are always immediately appealable, regardless of whether a district court or a juvenile court issues them. But the parties acknowledge that our juvenile courts and district courts are subject to different applications of the final judgment rule, and, understandably, our appellate courts have not always been clear on how to reconcile these differences. Here, we seek to untangle our precedents and make clear how the legislature intended the final judgment rule to apply to orders terminating parental rights in each court that has authority to issue those orders.

¶8    First, we lay out the contours of the final judgment rule. We then clarify the different ways the final judgment rule applies to termination orders issued by juvenile courts versus termination orders issued by district courts. Next, we explore exceptions to the final judgment rule that allow nonfinal orders to be appealed before the action they are part of concludes. We analyze Utah Code subsection 78B-6-112(3) and hold that it creates a statutory exception to the final judgment rule that allows termination orders to be immediately appealed. By doing so, we overrule the court of appeals' conclusion in *In re Adoption of K.R.S.* that subsection 78B-6-112(3) does not create a statutory exception to the final judgment rule.[4]

I.   THE FINAL JUDGMENT RULE

¶9    We have jurisdiction to hear an appeal "only if the [underlying order] satisfies the final judgment rule or falls within

---

[3] *See* 2024 UT App 165, 561 P.3d 229.

[4] *See* 2024 UT App 165, ¶ 21, 561 P.3d 229.

one of the recognized exceptions to that rule."[5] An order or judgment satisfies the final judgment rule only if it "ends the controversy between the litigants."[6] Interim orders that do not dispose of "all claims and the rights and liabilities of all parties" are not final orders under the final judgment rule and cannot be immediately appealed unless an exception applies.[7]

¶10  We have identified three exceptions to the final judgment rule, exceptions that permit a nonfinal order to be appealed prior to resolution of an action as a whole. First, a party may petition for interlocutory review "within 21 days after the entry of the trial court's order" under rule 5 of the Utah Rules of Appellate Procedure.[8] Second, at any time, a party may seek certification of an order under rule 54(b) of the Utah Rules of Civil Procedure by asking the district court to certify as final for purposes of appeal an order that "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties."[9] And third, the legislature through statute may provide an avenue for appealing nonfinal orders.[10]

*A. Termination Orders Issued by Juvenile Courts Are Not Subject to Strict Application of the Final Judgment Rule*

¶11 The final judgment rule applies differently to orders issued in juvenile court and district court. "[I]n appeals from juvenile court, finality is viewed somewhat more flexibly than in the district court context."[11] Appeals "may be heard from more than one final judgment" in the same juvenile court case, so we evaluate appellate finality based on a "pragmatic analysis" of the challenged order rather than rigid application of the final judgment

---

[5] *Powell v. Cannon*, 2008 UT 19, ¶ 14, 179 P.3d 799.

[6] *Copper Hills Custom Homes, LLC v. Countrywide Bank, FSB*, 2018 UT 56, ¶ 10, 428 P.3d 1133 (cleaned up).

[7] *See* UTAH R. CIV. P. 54(a); *Bradbury v. Valencia*, 2000 UT 50, ¶¶ 10, 12, 5 P.3d 649.

[8] UTAH R. APP. P. 5(a).

[9] UTAH R. CIV. P. 54(b).

[10] *Copper Hills*, 2018 UT 56, ¶ 13.

[11] *State ex rel. J.E.*, 2023 UT App 3, ¶ 19, 524 P.3d 1009.

rule.[12] We take this anomalous approach in the juvenile court context to honor the considerations specific to child welfare cases: "[W]e draw the definition of an action narrowly . . . because the best interests of the child outweigh the interests of judicial economy."[13]

¶12 Our decision *State ex rel. A.C.M.* emphasizes this difference in how district court and juvenile court finality rules apply.[14] In that case, before the juvenile court resolved an entire adoption action, a biological father challenged a juvenile court order terminating his parental rights.[15] At the time the father challenged the termination order, the mother and potential adoptive parents had multiple petitions still pending in juvenile court.[16] The guardian ad litem's office argued the father could not appeal the termination order yet because the order would not be final until the entire action ended.[17]

¶13 In response to the guardian ad litem's argument, we clarified that juvenile court finality is different from district court finality, and that the "difference does not stem from a different application of or exception to the final judgment rule, but rather from the unique nature of juvenile court jurisdiction, which often continues after a final judgment is rendered."[18] And "[w]hen the effect of an order is to immediately implement a change in the permanent status of the child, and requires no further judicial action to be final, the action before the lower court has concluded

---

[12] *State ex rel. A.F.*, 2006 UT App 200, ¶¶ 8–9, 138 P.3d 65, *aff'd*, 2007 UT 69, 167 P.3d 1070.

[13] *State ex rel. A.C.M.*, 2009 UT 30, ¶ 11, 221 P.3d 185.

[14] *See id.* ¶¶ 10–11.

[15] *Id.* ¶ 10. We note that paragraph 10 of the opinion states, "The guardian ad litem's office argues that [father] cannot appeal the district court order terminating his parental rights because the order is not final." *Id.* The word "district" is an error. Throughout the rest of the opinion, we correctly referred to the termination order as being issued by the juvenile court, not the district court.

[16] *Id.* ¶¶ 4–5, 12–13.

[17] *Id.* ¶¶ 10, 12.

[18] *Id.* ¶ 10.

and the order may be appealed."[19] We clarified that a juvenile court's continuing jurisdiction over other elements of an adoption proceeding "does not affect the finality of the court's order terminating [parental] rights."[20]

*B. Termination Orders Issued by District Courts Are Not Afforded the Same Leniency as Termination Orders Issued by Juvenile Courts*

¶14   When deciding whether we have jurisdiction to hear an appeal from a *district* court determination, we strictly adhere to the final judgment rule regardless of what type of case is at issue. The unique application of the final judgment rule specific to juvenile court cases attaches to the juvenile court; it does not extend to district court cases dealing with child welfare. And "[a]s a general rule, an appellate court does not have jurisdiction to consider an appeal [from a district court order] unless the appeal is taken from a final order or judgment that ends the controversy between the litigants."[21] Subject to the exceptions we've mentioned, "[t]o be final, the trial court's order or judgment must dispose of all parties and claims to an action."[22]

¶15   Here, the district court issued the termination order and so it is presumptively subject to strict application of the final judgment rule. Unless an exception applies, the final judgment rule asks only whether the challenged order "dispose[s] of all parties and claims to an action."[23] If no exception applies, then the challenged order is nonfinal and cannot be appealed until the action concludes. In contrast, if a juvenile court issued an identical termination order, the law is clear that it would be appealable as a matter of right with no exception to the final judgment rule required, and a juvenile court's continuing jurisdiction over the pending adoption action would not affect the termination order's appealability.[24]

---

[19] *Id.* ¶ 11 (cleaned up).

[20] *Id.* ¶ 13.

[21] *Copper Hills*, 2018 UT 56, ¶ 10 (cleaned up).

[22] *Bradbury*, 2000 UT 50, ¶ 10.

[23] *Id.*

[24] *See A.C.M.*, 2009 UT 30, ¶¶ 10–11.

¶16 That the final judgment rule applies to an identical termination order with different degrees of leniency depending on whether the order is issued by a juvenile court or a district court, even if the lifecycle of the action is the same, seems dissonant. But as counterintuitive as these distinct procedures may seem, they are clear. To be immediately appealable, a termination order issued by a district court needs an exception to overcome the final judgment rule. An identical order issued by a juvenile court does not. So the question before us is whether there is a statutory exception to the final judgment rule that would bring these two procedures into harmony.

¶17 The recent court of appeals decision, *In re Adoption of K.R.S.*, carefully grappled with the incongruity in how the final judgment rule applies to termination orders issued by juvenile and district courts and whether a statutory exception exists.[25] While we ultimately disagree with its conclusion as to what is required for us to discern a statutory exception to the final judgment rule, we appreciate the court of appeals' deliberate and cautious analysis and its adherence to what it interpreted as binding precedent.

¶18 We turn now to analyzing the exceptions to the final judgment rule that allow parties to appeal nonfinal orders from district courts. We answer the same question that the court of appeals did in *K.R.S.*: whether Utah Code subsection 78B-6-112(3) creates a statutory exception to the rule.[26] Unlike the court of appeals, we answer yes.

II. UTAH CODE SUBSECTION 78B-6-112(3) CREATES A STATUTORY EXCEPTION TO THE FINAL JUDGMENT RULE

¶19 There are three ways nonfinal orders can be appealed even though they do not satisfy the final judgment rule. First, a party may pursue an interlocutory appeal under rule 5 of the Utah Rules of Appellate Procedure. Second, a party may seek certification of an order under rule 54(b) of the Utah Rules of Civil Procedure. And third, the legislature through statute may provide an avenue for appealing nonfinal orders.[27] "Some nonfinal orders may trigger an

---

[25] 2024 UT App 165, ¶¶ 15–33, 561 P.3d 229.

[26] *See id.* ¶¶ 20–22.

[27] *Copper Hills Custom Homes, LLC v. Countrywide Bank, FSB*, 2018 UT 56, ¶ 13, 428 P.3d 1133.

immediate appeal of right as expressly authorized by statute,"[28] including "an order denying a motion to compel arbitration,"[29] "an order denying bail,"[30] and "an order granting a new trial" in a criminal case.[31] We have stated that such an exception must be "expressly authorized by statute."[32]

¶20  Here, the parties did not pursue an interlocutory appeal, nor have they sought rule 54(b) certification. So the only avenue available to them to immediately appeal the district court's termination order is to rely on a statutory exception authorizing an appeal of a nonfinal termination order. We hold that Utah Code subsection 78B-6-112(3) creates such an exception and that termination orders issued by district courts are appealable upon entry.

¶21 We begin with the text of Utah Code subsection 78B-6-112(3). When interpreting statutes, our goal "is to ascertain the intent of the legislature, the best evidence of which is the plain language of the statute itself."[33] Subsection 78B-6-112(3)'s plain language states, "A [district] court may enter a *final* order terminating parental rights before a *final* decree of adoption is entered."[34] Thus, to understand how the legislature intended subsection 112(3) to operate, we must first understand the meaning it intended to convey by its use of the word "final" in both instances where it appears in the statute.

¶22 The word "final" has more than one meaning. In the context of the final judgment rule, "[f]or an order or judgment to be final, it must dispose of the case as to all the parties, and finally dispose of the subject-matter of the litigation on the merits of the

---

[28] *In re Adoption of C.C.*, 2021 UT 20, ¶ 23, 491 P.3d 859 (cleaned up).

[29] UTAH CODE § 78B-11-129(1)(a).

[30] *Id.* § 77-18a-1(1)(d).

[31] *Id.* § 77-18a-1(3)(f).

[32] *Mellor v. Wasatch Crest Mut. Ins.*, 2012 UT 24, ¶ 16, 282 P.3d 981.

[33] *State v. Felts*, 2024 UT 41, ¶ 21, 560 P.3d 787 (cleaned up).

[34] UTAH CODE § 78B-6-112(3) (emphases added).

case."[35] For final judgment rule purposes, a district court order can be described as "final" only if it "ends the controversy between the parties by finally disposing of the litigation on the merits as to all claims and all parties. If any issue remains pending, the final judgment rule is not satisfied."[36] A "final order terminating parental rights" that precedes a "final decree of adoption" cannot possibly meet this definition. Subsection 112(3) states that the termination order precedes the adoption decree—something still to come in the same action—indicating there is still more to be done in the case after the "final termination order" enters. Therefore "final" in "final order terminating parental rights" must mean something other than "final" for purposes of the final judgment rule.

¶23 Understanding "final order terminating parental rights" to mean "appealable termination order" is the only construction that allows us to read all parts of subsection 78B-6-112(3) harmoniously. We have said that "[t]he plain language of any specific provision should be read in harmony with other provisions in the same statute."[37] And in context, this reading of "final order terminating parental rights" is the only one that makes sense. To give the language "before a final decree of adoption is entered" effect, a final termination order must be interpreted as part of an ongoing action, and so "final order terminating parental rights" can only mean it is an order that is immediately appealable.

¶24 This reading also comports with another guiding principle of statutory analysis: that we "avoid interpretations that will render portions of a statute superfluous or inoperative" and we "seek to render all parts [of a statute] relevant and meaningful."[38] We assume the legislature's use of "final" in each instance was intentional. And so we conclude that subsection 112(3)'s use of the word "final" to describe a termination order intentionally carves a path for parties to immediately appeal termination orders entered by district courts where, without this provision, they would

---

[35] *Powell v. Cannon*, 2008 UT 19, ¶ 11, 179 P.3d 799 (cleaned up).

[36] *Id.* ¶ 15.

[37] *Grappendorf v. Pleasant Grove City*, 2007 UT 84, ¶ 9, 173 P.3d 166.

[38] *Dillon v. S. Mgmt. Corp. Ret. Tr.*, 2014 UT 14, ¶ 50, 326 P.3d 656 (cleaned up).

otherwise have to wait until a final adoption decree is entered to appeal.

¶25  In reaching this conclusion, we wish to address the court of appeals' recent decision, *In re Adoption of K.R.S.*, which held the opposite—that subsection 78B-6-112(3) does not create an exception to the final judgment rule.[39]

¶26  In *K.R.S.*, a stepfather petitioned to adopt his stepchild in district court, and the district court terminated the parental rights of the child's biological father as part of the larger action.[40] The biological father sought to immediately appeal the termination order before the entire action was resolved.[41] The court of appeals reasoned that "the termination order did resolve all of [the biological father's] claims in the adoption proceeding,"[42] but it held that "the relevant 'action' is the adoption proceeding within which the termination petition was filed, and the challenged termination order simply did not resolve the claims of all parties to that action: Stepfather's adoption petition is part of that 'action,' and it remains pending."[43] So under the final judgment rule as it applies in district courts, the court of appeals did not consider the termination order to be final, and the biological father could not yet appeal it.[44]

¶27  The court of appeals acknowledged there was no "good policy reason why the appellate finality of parental termination orders should differ depending on whether the order was issued by a juvenile court or a district court."[45] But the court of appeals found its hands were tied, stating that "we are not policymakers" and "[a]s we understand the law, the final judgment rule controls appellate finality in district court, subject to established exceptions."[46]

---

[39] 2024 UT App 165, ¶¶ 20–21, 561 P.3d 229.

[40] *Id.* ¶ 16.

[41] *Id.* ¶¶ 14, 16.

[42] *Id.* ¶ 16.

[43] *Id.* (cleaned up).

[44] *Id.* ¶ 22.

[45] *Id.* ¶ 25.

[46] *Id.* ¶ 26.

¶28 The court of appeals also considered whether subsection 78B-6-112(3) provides an exception to the final judgment rule.[47] It summarized its position, stating, "Given our supreme court's requirement that statutory exceptions be expressly authorized, and given the far more express language of existing statutory exceptions, we are simply unwilling—in the absence of clearer legislative intent—to read section 112(3) as an exception to the final judgment rule."[48] And it ultimately concluded that it lacked jurisdiction to entertain an appeal of a termination order before the adoption proceedings ended.[49]

¶29 In its analysis, the court of appeals pointed to other statutory exceptions to the final judgment rule as being "expressly authorized" by statute.[50] It stated that the language in subsection 78B-6-112(3) is not as "express" as those other exceptions, and that it "does not contain the same sort of language our legislature typically uses when it intends to create an express statutory exception to the final judgment rule."[51] For example, the court of appeals highlighted Utah Code section 78B-11-129, which describes six specific orders that "an appeal may be taken from."[52] The court contrasted those examples with the language of subsection 78B-6-112(3), which states that "[a district] court may enter a final order terminating parental rights before a final decree of adoption is entered."[53]

¶30 The court of appeals concluded that the use of "final" is not "express enough on the face of that statutory provision" to comply with this court's mandate that exceptions to the final judgment rule be "expressly authorized."[54] In a footnote to that holding, the court of appeals noted that "our legislature is of course

---

[47] *Id.* ¶¶ 20–21.

[48] *Id.* ¶ 21.

[49] *Id.* ¶ 34.

[50] *Id.* ¶ 18.

[51] *Id.* ¶ 21.

[52] *Id.* ¶ 18 (cleaned up) (quoting UTAH CODE § 78B-11-129(1)).

[53] UTAH CODE § 78B-6-112(3); *K.R.S.*, 2024 UT App 165, ¶¶ 20–21.

[54] *K.R.S.*, 2024 UT App 165, ¶¶ 20–21 (cleaned up).

free to clarify the issue, either by inserting more express language into section 112(3), or by listing, in one of the other existing statutory lists, 'parental rights termination orders issued by a district court' as one of the ordinarily nonfinal orders that may be immediately appealed as of right."[55]

¶31 We disagree with the court of appeals' determination in *K.R.S.* and conclude that subsection 78B-6-112(3)'s language does create an exception to the final judgment rule. We are not convinced that the legislature needs to clarify its language.[56] That other existing statutory exceptions are arguably more "express" does not mean that subsection 112(3) does not adequately convey the legislative intent to create an exception to the final judgment rule. The legislature's chosen language conveys its meaning, and that it could be more direct, or that it could mirror other statutory exceptions the legislature has drafted, does not take away from the statute having met that initial threshold of clarity.

¶32 Neither the legislature nor this court has set forth a specific formula for what legislative language must look like to expressly authorize an exception to the final judgment rule beyond that it must convey its intent to do so. There are no special metrics dictating what makes statutory language express enough to create an exception to the final judgment rule. It is instead a matter of statutory interpretation and an assessment of legislative intent.

¶33 We thus hold that Utah Code subsection 78B-6-112(3)'s plain language conveys the legislature's intent to create an exception to the final judgment rule for district court termination orders.

## CONCLUSION

¶34 The parties here personally understand that "[c]ontested adoptions are gut-wrenching, and the longer they remain in flux, the greater the toll on the biological parents, the prospective adoptive parents, family members, and, most significantly, the child."[57] The legislature codified that important concept, ensuring that orders terminating parental rights are immediately appealable regardless of whether they are issued by a juvenile court or a

---

[55] *Id.* ¶ 21 n.2 (cleaned up).

[56] *Cf. id.*

[57] *In re Adoption of B.B.*, 2017 UT 59, ¶ 1, 417 P.3d 1.

district court. We make clear today that Utah Code subsection 78B-6-112(3) provides that termination orders issued in district court can be appealed as a matter of right upon entry.

¶35 We keep this case to hear further argument on Parents' challenges to the termination order, and we instruct the parties to brief the merits of those challenges pursuant to a forthcoming order.

———————