2011 UT App 174

**WESTERN STATES DEVELOPMENT, INC., Plaintiff and Appellee,**

v.

**PRESTIGE CLEANERS, INC., Defendant and Appellant.**

No. 20110103–CA.

Court of Appeals of Utah.

June 3, 2011.

Douglas R. Short, Midvale, for Appellant.

Dennis K. Poole and Jared L. Mortenson, Salt Lake City, for Appellee.

Before Judges McHUGH, THORNE, and ROTH.

### DECISION

PER CURIAM:

¶ 1 Prestige Cleaners, Inc. appeals the district court's November 30, 2010 Order of Summary Judgment Against Defendant. In its docketing statement, Prestige Cleaners indicated that it did not believe there was a final, appealable order and that it appealed the order out of an abundance of caution. Accordingly, this court issued a sua sponte motion for summary disposition based upon lack of jurisdiction in order to resolve the issue raised by Prestige Cleaners. In response to the motion, Western States Development, Inc. argues that not only was the November 30, 2010 order a final, appealable order, but also that Prestige Cleaners's notice of appeal was untimely, thereby depriving this court of jurisdiction.

¶ 2 "An appeal may be taken from a district or juvenile court to the appellate court with jurisdiction over the appeal from all final orders and judgments." Utah R.App. P. 3(a). "To be final, the trial court's order or judgment must dispose of all parties and

claims to an action." *Bradbury v. Valencia,* 2000 UT 50, ¶ 10, 5 P.3d 649.

¶ 3 Prestige Cleaners argues that there is no final, appealable order because the district court never resolved its objection to the proposed order. However, this court has previously rejected similar arguments and instead, the court treats such objections as having been implicitly overruled by the entry of the proposed order. *See Rosas v. Eyre,* 2003 UT App 414, ¶ 18, 82 P.3d 185 ("[T]he trial court implicitly ruled on Eyre's objection when it signed and entered the October Order."); *Morgan v. Morgan,* 875 P.2d 563, 564 n. 1 (Utah Ct.App.1994) (noting that when the trial court signed plaintiff's proposed order, it implicitly ruled on defendant's objections that were before the trial court at the time). Accordingly, the entry of the order by the district court implicitly overruled Prestige Cleaners's objections to that order.

¶ 4 Prestige Cleaners next asserts that the order is not final for purposes of appeal because the order failed to comply with rule 7(f)(2) of the Utah Rules of Civil Procedure. Under rule 7(f)(2), a prevailing party must submit an order conforming with the district court's decision unless the district court expressly directs in its ruling that it is the final order of the court and no additional order is necessary. *See Giusti v. Sterling Wentworth Corp.,* 2009 UT 2, ¶ 28, 201 P.3d 966. In this case, the district court issued an initial ruling on November 2, 2010. In that ruling, the district court directed Western States Development to prepare an order consistent with the court's ruling. Western States Development submitted such an order. The order was signed by the district court and entered on November 30, 2010. Thus, the order complied with rule 7(f)(2) and the dictates of *Giusti.*

¶ 5 Accordingly, the November 30, 2010 order constituted a final, appealable order. Because this order was a final, appealable order, Western States Development argues that Prestige Cleaners's notice of appeal was untimely. We agree.

¶ 6 A notice of appeal must be filed "with the clerk of the trial court within 30 days after the date of entry of the judgment or order appealed from." *Id.* If an appeal is not timely filed, this court lacks jurisdiction to hear the appeal and must dismiss it. *See Serrato v. Utah Transit Auth.,* 2000 UT App 299, ¶ 7, 13 P.3d 616.

¶ 7 The district court entered its final order on November 30, 2010. Accordingly, Prestige Cleaners was required to file a notice of appeal no later than December 30, 2010. *See* Utah R.App. P. 4(a). Prestige Cleaners did not file its notice of appeal until January 27, 2011. Thus, the notice of appeal was untimely. Because Prestige Cleaners did not timely file its notice of appeal, this court lacks jurisdiction and must dismiss. *See Varian–Eimac, Inc. v. Lamoreaux,* 767 P.2d 569, 570 (Utah Ct.App.1989) (stating that if the court lacks jurisdiction over an appeal, it has only the authority to dismiss the action).

¶ 8 The appeal is dismissed.