2012 UT 24

**Chris Ann MELLOR, Plaintiff and Appellant,**

v.

**WASATCH CREST MUTUAL INSURANCE and Wasatch Crest Insurance, Defendants and Appellees.**

No. 20100952.

Supreme Court of Utah.

April 20, 2012.

---

**12.** *In re Adoption of Halloway,* 732 P.2d 962, 965 (Utah 1986).

**13.** *Id.* at 963.

**14.** *Navajo Nation v. State (In re Adoption of A.B.),* 2010 UT 55, ¶ 42, 245 P.3d 711.

Brian S. King, Salt Lake City, for appellant.

John P. Harrington, Salt Lake City, Marcy G. Glenn, Denver, CO, for appellees.

LEE, Justice:

¶ 1 Chris Ann Mellor appeals from a district court order denying her motion for summary judgment and granting a motion to stay filed by the liquidator of the Wasatch Crest Mutual Insurance Company estate. We conclude that we lack jurisdiction because the order from which Mellor appeals is not final and because Mellor has not met any of the exceptions to the final judgment rule. We accordingly dismiss without reaching the merits.

I

¶ 2 Mellor's son Hayden Williams was involved in a near-drowning accident in August 2001. Hayden suffered severe permanent injuries as a result of that accident, and Mellor subsequently sought coverage for the cost of his treatment from Wasatch Crest and from Medicaid.

¶ 3 At the time of the accident, Hayden was insured by Wasatch Crest under a coverage extension under the Consolidated Omnibus Budget Reconciliation Act of 1985 (COBRA). After the accident, however, Mellor applied for and was granted Medicaid coverage for Hayden retroactive to the date of the accident. And after the Medicaid coverage became available, Mellor stopped paying the premium required to keep her Wasatch Crest COBRA coverage. Thus, while the Wasatch Crest COBRA coverage would otherwise have been available from August 1, 2001, through July 31, 2003, it terminated on November 7, 2001, when Mellor stopped paying the premium required under COBRA.

¶ 4 Wasatch Crest initially covered the costs of Hayden's care, but soon asserted that it had no coverage obligation for injuries resulting from the accident in light of Hayden's retroactive qualification for Medicaid. Wasatch Crest thus sought reimbursement from the medical providers it had paid up to that point.

¶ 5 Wasatch Crest was declared insolvent in July 2003. In November 2003, Mellor filed a claim against the Wasatch Crest estate in the subsequent liquidation proceeding, seeking payment of Hayden's medical expenses. The liquidator of the Wasatch Crest estate issued a notice of determination denying Mellor's claim on the ground that Wasatch Crest had properly terminated coverage under the language of the plan. A referee appointed to adjudicate disputes between claimants and Wasatch Crest's liquidator subsequently affirmed the liquidator's determination. Mellor then filed an objection in Third District Court. At a later hearing, the liquidator alleged that Mellor did not have standing to pursue the claim on behalf of her son. The district court found that Mellor did have standing but ultimately ruled in favor of Wasatch Crest's interpretation of the plan to exclude coverage.

¶ 6 Mellor appealed that decision to this court. We affirmed in part and reversed in part, concluding that Mellor had standing to pursue an action for recovery of medical

benefits paid by Medicaid on behalf of her injured son, but interpreting the plan in favor of coverage. *Mellor v. Wasatch Crest Mut. Ins. Co.*, 2009 UT 5, ¶ 21, 201 P.3d 1004. On the heels of that decision, in February 2009, Mellor resubmitted her claim for medical expenses to the liquidator for payment under the Utah Insurers Rehabilitation and Liquidation Act. UTAH CODE §§ 31A–27–101 to –342 (2002, repealed 2007).

¶ 7 Roughly one year later, while Wasatch Crest's liquidator had not yet made a decision regarding payment, Mellor filed a motion for summary judgment with the district court attempting to compel payment of the claim. Wasatch Crest moved to dismiss the motion for summary judgment as improper given that there was no provision for it under the Liquidation Act. In the alternative, Wasatch Crest argued that Mellor's motion for summary judgment should be stayed pending the liquidator's decision on the claim.

¶ 8 In June 2010, before any decision from the district court on the motion for summary judgment, the liquidator issued a second amended notice of determination.[1] In this notice the liquidator denied Mellor's claim on the merits, concluding that she had suffered no unreimbursed loss because she had been fully indemnified by Medicaid.

¶ 9 Some months later, in November 2010, the district court denied Mellor's motion for summary judgment and stayed further proceedings. In its decision, the district court noted that Mellor had not yet challenged the second amended notice of determination, but still had the option to do so under the Liquidation Act. *See id.* § 31A–27–332(1) (establishing specific procedures for challenging a notice of determination).

¶ 10 The Liquidation Act aims to protect the interests of insureds through "enhanced efficiency and economy of liquidation, through clarification and specification of the law, to minimize legal uncertainty and litigation." *Id.* § 31A–27–101(2)(c). And in order to accomplish this goal, the Act establishes specific procedures for submitting claims as well as for challenging denials. *Id.* § 31A–27–332(1). Both parties agree that Mellor's claim against the Wasatch Crest estate falls within the Act's purview. Accordingly, the procedures for challenging the liquidator's decision regarding that claim are prescribed by the Act itself. Rather than object to the liquidator's latest determination, Mellor appealed the district court's order to this court.

## II

¶ 11 The threshold—and ultimately dispositive—question in this case concerns our jurisdiction. Mellor has filed an appeal of right, the procedures for which are found in rules 3 and 4 of the Utah Rules of Appellate Procedure, from a decision denying a motion for summary judgment and granting a motion to stay. The liquidator moves to dismiss the appeal on jurisdictional grounds, asserting that the decision at issue was non-final and that Mellor fails to qualify for an exception to the final judgment rule.

¶ 12 Mellor does not contest the essentially interlocutory nature of the decision below. Nor could she. The decision on appeal is archetypically non-final: It involves the denial of a motion for summary judgment and a stay of further proceedings. Such a decision is clearly not the sort of "final" order or judgment from which an appeal of right may be taken under rule 3(a) of our appellate rules. To be final, an order or judgment "must dispose of the case as to all the parties, and finally dispose of the subject-matter of the litigation on the merits of the case." *Kennedy v. New Era Indus., Inc.*, 600 P.2d 534, 536 (Utah 1979) (emphasis omitted) (internal quotation marks omitted). The denial of a summary judgment motion and stay of further proceedings obviously leave the merits of the case unresolved. Issues yet remain in dispute in the proceedings below regarding the value of Mellor's claim and whether the method by which Wasatch Crest provided the second amended notice of

---

1. Although the statute requires a written notice of the liquidator's decision, *see* UTAH CODE § 31A–27–332(1)(a) (repealed 2007), here it was simply attached as an exhibit to Wasatch Crest's summary judgment reply brief, which was served on Mellor's attorney. In their briefs on appeal the parties dispute the sufficiency of this delivery method. We do not reach this issue, however, because we conclude that we lack jurisdiction.

determination satisfies the requirements of the Liquidation Act. The decision on appeal is accordingly interlocutory in nature.

¶ 13 Recognizing this problem, Mellor roots her opposition to Wasatch Crest's motion to dismiss in her sense of judicial economy and fairness. Because, in her view, the district court's assessment of liability is clear, leaving only the calculation of damages remaining for determination below, Mellor insists that it would be "futile and a waste of time" to postpone a decision on the merits on this appeal. On that basis, Mellor asks us to overlook the interlocutory nature of this appeal and to review the merits of the district court's decision in the interest of justice and fairness.

■ ¶ 14 Mellor misconstrues the nature of our evaluation of jurisdiction on appeal. The limits on our jurisdiction are legal rules that define the nature and extent of the judicial power, not mere guidelines to be invoked or discarded at our whim.[2] Thus, the final decision requirement in rule 3(a) of the Rules of Appellate Procedure is binding unless and until it is repealed or amended by the process we have designated for such a change in the law. We cannot circumvent that process or undercut reasonable reliance on the limits on our jurisdiction by disregarding them in an isolated case in which one of the parties finds such limits inconvenient or inequitable.[3]

■ ¶ 15 The final decision rule, in any event, is a sensible one that advances important policies. By following the rule we generally "promote[] judicial economy" by avoiding the interminable protraction of lawsuits and foreclosing appellate intervention "in the business of the trial courts before they have had opportunity to rectify some of their own possible misjudgments and before they have completed the trial." *Kennedy*, 600 P.2d at 535. These policies would be undermined by Mellor's bid to bypass the final judgment rule. The record in this matter is not yet fully developed, as the district court has not yet had the opportunity to make a determination regarding the amount of damages or the sufficiency of Wasatch Crest's second amended notice of determination. Intervention on our part at this interim stage would risk interference with and protraction of the just resolution of the matter in the district court.

¶ 16 The final judgment rule is, of course, subject to exceptions set forth in our rules and by statute. But Mellor's appeal cannot qualify under any exception. The exceptions we have recognized are threefold: (1) appeals that are expressly authorized by statute, (2) interlocutory appeals under rule 5 of the Utah Rules of Appellate Procedure, and (3) appeals under rule 54(b) of the Utah Rules of Civil Procedure. *Powell v. Cannon,* 2008 UT 19, ¶ 13, 179 P.3d 799. Mellor's appeal does not fit under any of these exceptions. Neither the Liquidation Act nor any other statute authorizes this sort of appeal, and Mellor made no attempt to satisfy the terms and conditions of either rule.

¶ 17 Accordingly, because Mellor does not appeal from a final judgment and has not satisfied any of the exceptions to the final judgment rule, we conclude that we lack jurisdiction and grant the liquidator's motion to dismiss.

Chief Justice DURRANT, Associate Chief Justice NEHRING, Justice DURHAM and Justice PARRISH joined.

---

**2.** See *Loffredo v. Holt,* 2001 UT 97, ¶ 11, 37 P.3d 1070 ("We have repeatedly affirmed the viability of the final judgment rule as a barrier to our jurisdiction.").

**3.** This court is the "exclusive judge of its own jurisdiction", but we have "strictly adhered to [the final judgment] rule." *Powell v. Cannon,* 2008 UT 19, ¶¶ 9, 12, 179 P.3d 799 (internal quotation marks omitted). Rules such as this provide a pattern of regularity of procedure which the parties and the courts [can] follow and rely upon. *Drury v. Lunceford,* 18 Utah 2d 74, 415 P.2d 662, 663 (1966).