DAVIS, Judge
(dissenting):
128 I agree with the majority's determination that the district court erred in concluding that work had not commenced as a matter of law. Accordingly, I concur in reversing the district court's grant of summary judgment in favor of FDIC. However, I do not agree with the majority that the question of whether work had commenced can be decided as a matter of law under the cireum-stances of this case. Thus, I would affirm the district court's denial of Pentalon's motion for summary judgment on alternative grounds, namely, that disputed issues of material fact precluded summary judgment.
T.29 The question of whether "a person using reasonable diligence in examining the property would be able to see [the work] and be on notice that lienable work was underway" is a question for the factfinder under the cireumstances of this case. See Klibanoff I, 2005 UT App 367, 122, ¶ 22 P.3d 646 (citation and internal quotation marks omitted). Although I do not necessarily disagree with the majority's conclusion that the photographs depict lienable work, I do not think that this conclusion may be reached as a matter of law. See Utah R. Civ. P. 56(c);, Jones v. Farmers Ins. Exch., 2012 UT 52, ¶ 8, 286 P.3d 301 (observing that "[al genuine issue of fact exists where, on the basis of the facts in the record, reasonable minds could differ on whether ... conduct measures up to the required standard" and that "summary judgment should be granted only when it clearly appears that there is no reasonable probability that the party moved against could prevail" (citations and internal quotation marks omitted)). In reaching its determination, I believe the majority has imper-missibly entered the realm of factfinding, which should be left to the trial court judge or jury.
30 Moreover, in light of our reversal of the court's ruling on FDIC's motion for summary judgment, I am not convineed that the district court's denial of Pentalon's motion for summary judgment is ripe for appeal. The denial of a motion for summary judgment is "archetypically non-final" because it "leave[s] the merits of the case unresolved." *191 Mellor v. Wasatch Crest Mut. Ins., 2012 UT 24, ¶ 12, 282 P.3d 981; see also Heuser v. Schmittroth, 2002 UT App 420, para. 2, 2002 WL 257563 ("The denial of a summary judgment motion is not final and appealable because it leaves the case pending."). Because we have reversed the district court's grant of summary judgment in favor of FDIC, the case is once again unresolved. Thus, appeal from the district court's denial of Pentalon's motion may be more appropriate once the case has been resolved on the merits following a trial. See Normandeau v. Hanson Equip., Inc., 2009 UT 44, ¶ 15, 215 P.3d 152 (holding that the denial of a motion for summary judgment on purely legal grounds may be appealed following a trial on the merits).