2015 UT App 239

# THE UTAH COURT OF APPEALS

CHRIS ANN MELLOR,
Appellant,
*v.*
WASATCH CREST INSURANCE COMPANY IN LIQUIDATION,
Appellee.

Opinion
No. 20131174-CA
Filed September 17, 2015

Third District Court, Salt Lake Department
The Honorable Kate A. Toomey
No. 030915527

Brian S. King, Attorney for Appellant

John P. Harrington and Cecilia M. Romero,
Attorneys for Appellee

JUDGE J. FREDERIC VOROS JR. authored this Opinion, in which
JUDGES JAMES Z. DAVIS and STEPHEN L. ROTH concurred.

VOROS, Judge:

¶1    This appeal involves a claim against an insolvent health insurance company in a liquidation proceeding. The district court ruled the claim untimely and, in any event, that it did not qualify for priority treatment, because Medicaid had reimbursed the claimant for the losses she claimed. We reverse on the first point and affirm on the second.

## BACKGROUND

¶2    In early August 2001, Appellant Chris Ann Mellor's son suffered a near-drowning incident that left him with permanent injuries. At the time of the incident, Mellor's son had health

coverage under the Consolidated Omnibus Budget Reconciliation Act of 1985 (COBRA) through his father's insurance policy with Wasatch Crest Insurance Company (Wasatch Crest). After the accident, Mellor also obtained Medicaid coverage for her son. Medicaid back-dated its coverage to August 1, 2001. Wasatch Crest paid claims arising from the near-drowning incident until November 2001. Then Wasatch Crest determined that Mellor's son's Medicaid coverage made him ineligible for coverage under the terms of its policy. Wasatch Crest informed Mellor that her son had no coverage under its policy due to his Medicaid coverage, and consequently, as of November 1, 2001, she stopped paying COBRA premiums. Wasatch Crest then began requesting and receiving reimbursements for payments it made to providers on claims during the period of the overlapping coverage. Since August 1, 2001, Medicaid has paid Mellor's son's medical expenses in full.

¶3 In September 2002, Mellor entered into a collection agreement with the Utah State Office of Recovery Services (ORS). The collection agreement made ORS an assignee of any recovery Mellor obtained from Wasatch Crest for wrongly denying her son's coverage. In March 2003, Mellor filed suit against Wasatch Crest alleging, among other things, breach of contract for its failure to pay Mellor's son's medical expenses. In July 2003, the district court declared Wasatch Crest insolvent under Utah's Insurers Rehabilitation and Liquidation statutes (the Liquidation Act), Utah Code Ann. §§ 31A-27-101 to -411 (LexisNexis 2002).[1] The district court also appointed a liquidator

---

1. In 2007, the legislature repealed and replaced most of the Liquidation Act with the Insurer Receivership Act. The Insurer Receivership Act does not apply to liquidation proceedings ongoing as of April 30, 2007. *See* Utah Code Ann. § 31A-27a-119 (LexisNexis 2014); *see also id.* § 31A-27a-102(9)(b). Because Wasatch Crest's liquidation was ongoing as of April 30, 2007, the

(continued…)

(the Liquidator) to manage the Wasatch Crest estate, and the court set a July 31, 2004 deadline to file a proof of claim against Wasatch Crest's estate.

¶4     Wasatch Crest's insolvency automatically stayed all pending litigation against it. *Id.* § 31A-27-317(1). Mellor then submitted a timely proof of claim to the Liquidator. The Liquidator denied Mellor's claim in its first amended notice of determination on the ground that Mellor's son's Medicaid coverage excluded him from coverage under the terms of Wasatch Crest's policy. Mellor filed a timely objection to the first amended notice of determination. A referee found that Wasatch Crest had no liability for the claims Mellor asserted on behalf of her son after the date that he acquired Medicaid coverage. The referee recommended that the district court affirm the Liquidator's denial of Mellor's proof of claim.

¶5     At a hearing before the district court on Mellor's objection to the referee's findings and recommendation, the Liquidator raised the issue of Mellor's standing and moved to have her claim dismissed. The district court ultimately determined that Mellor had standing to assert claims on behalf of her son. Nevertheless, the district court approved the recommendation of the referee and denied Mellor's claim on the merits.

¶6     Mellor appealed the district court's ruling on the issue of her son's COBRA coverage. The Liquidator cross-appealed on the issue of standing. The Utah Supreme Court ruled for Mellor on both issues—affirming on the issue of standing but reversing on the issue of coverage. *Mellor v. Wasatch Crest Mut. Ins. Co.*

---

(…continued)
Insurer Receivership Act does not apply. We apply the Liquidation Act in effect at the time Wasatch Crest's liquidation commenced.

(*Mellor I*), 2009 UT 5, ¶¶ 9, 20, 201 P.3d 1004. The court held that Mellor's son's Medicaid coverage did not terminate his COBRA coverage as a matter of contract law. *Id.* ¶ 20. Accordingly, the supreme court concluded that because Mellor's son "is a beneficiary of the Wasatch Crest plan, he, and through him his mother . . . , have standing to pursue an action for recovery of benefits owing . . . under the plan." *Id.* ¶ 21.

¶7 For approximately one year after remittitur from the supreme court, little happened with Mellor's claim. In an apparent effort to move things along, Mellor filed a motion for summary judgment in the district court. She asserted that, under *Mellor I*, her son was a covered beneficiary of the Wasatch Crest insurance plan. Therefore, she argued, principles of estoppel entitled her son to the reinstatement of his COBRA coverage under the Wasatch Crest insurance plan, and accordingly, her son had a reimbursable claim.

¶8 The Liquidator moved to strike or stay Mellor's motion for summary judgment. The Liquidator argued that Mellor's claim was not properly before the district court, because the Liquidator had not yet made a second determination on Mellor's claim. In the alternative, the Liquidator opposed Mellor's motion for summary judgment on the merits. The Liquidator explained, "As a result of . . . [the Liquidation Act's] priority scheme, it is evident that Mellor does not have a Class Three Claim." The Liquidator continued that any valid claim arising from the collection agreement Mellor entered into with ORS "the Liquidator will classify . . . as Class Six."

¶9 Mellor filed a response to the Liquidator's opposition to the motion for summary judgment. In her response, Mellor argued that the parties need not wait for the Liquidator to make a second determination on her claim, because the Liquidator's opposition to summary judgment made the Liquidator's official denial a mere formality. Mellor went on to challenge the

Liquidator's opposition on the merits and its determination that Mellor's claim constituted a class-six and not a class-three claim. Mellor then requested that the district court "proceed with a ruling on the proper classification of Mellor's claim."

¶10    The Liquidator filed a reply memorandum. The reply memorandum's caption page indicated, in a single sentence, that the Liquidator had attached his official denial of Mellor's claim—the second amended notice of determination (the Second Notice)—as an exhibit to the reply memorandum:

> In conjunction with this Reply Memorandum, the Liquidator . . . attaches its Second Amended Notice of Determination with respect to the Proof of Claim filed by [Mellor] on behalf of her son . . . , a copy of which is attached hereto as Exhibit A.

The Second Notice, dated June 29, 2010, denied Mellor's claim:

> Based upon review of the documents that were submitted and the records of [Wasatch Crest], the Liquidator has DENIED the claim in the amount of $200,000+. The basis for the Denial is included in the attached Reply Memorandum, the essence of which is that [Mellor] has been indemnified by a third party [Medicaid] and thus has suffered no unreimbursed loss . . . .

The Liquidator's reply memorandum explained that he denied Mellor's claim because "Medicaid payments indemnified Mellor against any claims by doctors or hospitals." Further, because Medicaid indemnified Mellor, the Liquidator reiterated that the Liquidation Act explicitly excludes her claim from the class-three priority classification. The Liquidator concluded, "[I]t is apparent that Mellor has no claim against the liquidation estate either as a Class Three or Class Six since Mellor has suffered no loss that has not been covered." The Liquidator requested "that

the Motion for Summary Judgment be dismissed and that the [Second Notice] constitute the final determination of the Mellor Claim."

¶11   In November 2010, the district court issued its first memorandum decision and order (the 2010 Order). The district court ruled that under the terms of the Liquidation Act Mellor could not assert a class-three claim, because Medicaid had indemnified her for claims based on her son's accident. The court concluded that the statute relegated Mellor's claim to the statute's class-six catch-all classification. The district court then denied Mellor's motion for summary judgment and stayed further proceedings in the underlying lawsuit—i.e., any proceedings brought against Wasatch Crest before its insolvency and unrelated to Wasatch Crest's liquidation. Mellor appealed.

¶12   The Utah Supreme Court dismissed Mellor's appeal for lack of jurisdiction. *Mellor v. Wasatch Crest Mut. Ins.* (*Mellor II*), 2012 UT 24, ¶ 17, 282 P.3d 981. In *Mellor II*, the supreme court determined that it lacked jurisdiction over Mellor's appeal because she did not appeal from a final judgment. *Id.* The supreme court explained that the district court's "denial of [Mellor's] summary judgment motion and stay of further proceedings obviously leave the merits of the case unresolved." *Id.* ¶ 12. It continued, "Issues yet remain in dispute in the proceedings below regarding the value of Mellor's claim and whether the method by which Wasatch Crest provided [the Second Notice] satisfies the requirements of the Liquidation Act." *Id.*

¶13   Back before the district court, Mellor filed an objection to the Second Notice. However, counting from the date of the Second Notice, her objection was untimely. Accordingly, Mellor challenged the Second Notice's validity given the means by which the Liquidator had provided it, namely, attached as an exhibit to a reply memorandum in connection with a summary

judgment motion. Mellor requested that the district court "require the Liquidator to issue and serve a Notice of Determination of the priority and classification of Mellor's claim . . . [so as to] allow[] for a full and fair review of the Liquidator's actions." The Liquidator responded that the Second Notice complied with the requirements of the statute, and because Mellor did not object within sixty days of the Second Notice, the statute rendered her objection untimely.

¶14   In December 2013, the district court issued its second memorandum decision and order (the 2013 Order). The district court ruled that the means by which the Liquidator served the Second Notice complied with the statute and that Mellor never disputed that she received actual notice. The district court also ruled that "Mellor had 60 days from the date of notice to file an objection. She did not object within the given time." (Citation omitted.) Finally, the district court explained that while the statute requires the Liquidator's "claim determination [to] be reviewed and approved by the Court," the 2010 Order "effectively approved the Liquidator's classification of [Mellor's] claim [as having a class-six priority], and a formal request by the Liquidator [for approval] is not necessary as it would be redundant." Mellor timely appeals the 2013 Order.

ISSUES ON APPEAL

¶15   Mellor raises three issues on appeal. First, Mellor contends that the Second Notice did not constitute sufficient notice. Second, Mellor contends that even if the Second Notice constituted sufficient notice, her "claim is not barred by any failure to submit an objection to the Liquidator's Second Notice." Finally, Mellor contends that the district court erred by ruling in the 2010 Order, and reaffirming in the 2013 Order, that Mellor's claim does not enjoy a class-three priority classification under the Liquidation Act.

ANALYSIS

I. Sufficient Notice

¶16     Mellor first contends that the Second Notice did not constitute sufficient notice. Whether Mellor "received proper statutory notice presents a question of law, which [we] review[] for correctness." *Salt Lake City Corp. v. Jordan River Restoration Network*, 2012 UT 84, ¶ 42, 299 P.3d 990 (citation and internal quotation marks omitted).

¶17     The Liquidation Act explains the manner by which a liquidator shall notify claimants of disallowed claims:

> When a claim is disallowed in whole or in part by the liquidator, written notice of the determination and of the right to object shall be given promptly to the claimant or the claimant's attorney of record, if any, by first-class mail at the addresses shown in the proof of claim.

Utah Code Ann. § 31A-27-332(1)(a) (LexisNexis 2002).

¶18     Here, the Liquidator provided notice by attaching the Second Notice as an exhibit to a memorandum filed with the district court. We think it helpful at this point to recap the flurry of memoranda filed with the district court, and served on the parties, after *Mellor II*: (1) Mellor filed a motion for summary judgment on her claim (Mellor's Motion); (2) the Liquidator filed a motion to strike or stay Mellor's Motion, and in the alternative, to oppose it on the merits (the Opposition Motion); (3) Mellor filed a response challenging the Opposition Motion (Mellor's Response); and (4) the Liquidator filed a reply memorandum to Mellor's response (the Reply Memo). The Liquidator attached the Second Notice as an exhibit to the Reply Memo—the last of these documents filed after *Mellor II*.

¶19   Mellor argues that "attaching the [Second] Notice to the Liquidator's Reply Memo as an exhibit was insufficient to constitute 'service' of the [Second] Notice." The Liquidator argues that it complied with the requirements of the statute when it attached the Second Notice as an exhibit to the Reply Memo and sent it to Mellor via first-class mail.

¶20   The Liquidation Act does not require the Liquidator to "formally serve" Mellor or her counsel, as she argues. Rather, the Liquidation Act requires that "written notice of the determination and of the right to object . . . be given promptly to the claimant or the claimant's attorney of record . . . by first-class mail." *Id.* § 31A-27-332(1)(a). Further, "[a]dequate notice is . . . notice reasonably calculated to apprise a person of an action, proceeding, or motion. Notice sufficient to permit an objection or defense." *Bissland v. Bankhead*, 2007 UT 86, ¶ 16, 171 P.3d 430 (omission in original) (citation and internal quotation marks omitted).

¶21   We conclude that Mellor received notice of the denial of her claim. Mellor does not contest that she received actual notice of the Liquidator's denial or its basis. Nor could she—the Opposition Motion apprised Mellor of the Liquidator's denial of her claim, as well as the basis of the denial. She acknowledged that denial and opposed it in her district court filings. We share Mellor's skepticism that merely attaching the required notice as an exhibit to a reply memorandum constitutes notice "reasonably calculated to apprise a person of an action, proceeding, or motion" or provides "[n]otice sufficient to permit an objection or defense." *Id.* (citation and internal quotation marks omitted). However, on these facts we conclude that the totality of the Liquidator's filings in connection with Mellor's summary judgment motion did constitute notice reasonably calculated to apprise Mellor of the denial of her claim and its basis, and thus satisfied the requirements of the Liquidation Act.

## II. Timely Objection

¶22   Mellor next contends that the district court erred in ruling in the 2013 Order that "Mellor had 60 days from the date of [the Second Notice] to file an objection. She did not object within the given time." (Citation omitted.) Mellor contends that her claim "is not barred by any failure to submit an objection to the . . . Second Notice." Whether Mellor filed a timely objection under the Liquidation Act "involves the interpretation and application of a statute" and the district court's "legal conclusion is granted no particular deference but is reviewed for correctness." *See Salt Lake Child & Family Therapy Clinic, Inc. v. Frederick*, 890 P.2d 1017, 1019 (Utah 1995).

¶23   The Liquidation Act establishes a time frame within which a claimant may object to the liquidator's denial of her claim:

> (1)(b)(i) Within 60 days from the mailing of the notice [of a disallowed claim], the claimant may file objections with the court.
> (1)(b)(ii) If objections are not filed within the period provided in Subsection (1)(b)(i), the claimant may not further object to the determination.

Utah Code Ann. § 31A-27-332(1)(b) (LexisNexis 2002).

¶24   The Liquidator argues that under the plain language of the Liquidation Act "Mellor was required to file an objection in the Trial Court before August 28, 2010, i.e., 60 days after the receipt of the Second [Notice] dated June 28, 2010."[2] Accordingly, the Liquidator asserts that Mellor "did not comply

---

2. We note that the record reflects that the Second Notice and the Reply Memo to which it was attached, are actually dated June 29, 2010, not June 28 as indicated in the Liquidator's brief.

with the statute," because "[o]ver three years after the deadline, Mellor filed an untimely objection" to the Second Notice. We agree that the objection Mellor filed in 2013 would be untimely had that been the only objection Mellor filed. However, just as we concluded that the memoranda served by the Liquidator in connection with the summary judgment motion gave Mellor actual notice of the denial of her claim and thus satisfied the requirements of subsection 332(1)(a), we likewise conclude that the memoranda filed with the court by Mellor gave the Liquidator actual and timely notice of her objection to that denial and thus satisfied subsection 332(1)(b).

¶25 The Liquidation Act does not prescribe any particular form by which a claimant may file an objection to a disallowed claim. The Liquidation Act simply states that "[w]ithin 60 days from the mailing of the notice [of a disallowed claim] the claimant may file objections with the court." Utah Code Ann. § 31A-27-332(1)(b)(i). The provision does not require a claimant's objection take any particular form or have any particular procedural label. Nor does the provision require that a claimant file her objection in any special manner—unlike the provision requiring a liquidator to send notice of disallowed claims via first-class mail. *See id.* § 31A-27-332(1)(a). The Liquidation Act merely requires a claimant to file her objection with the court within the statutory sixty-day time frame. *Id.* § 31A-27-332(1)(b).

¶26 Mellor's Response substantively objected to the basis of the Liquidator's denial of her claim and it constitutes a timely objection under the Liquidation Act. Mellor filed her Response with the district court as required under section 31A-27-332(1)(b) of the Liquidation Act. And she filed it before August 28, 2010—the date by which the Liquidator contends Mellor had to object.

¶27 During oral argument before this court, the Liquidator argued that we cannot construe Mellor's Response as a timely objection because Mellor filed it prematurely, that is, before the

Liquidator had issued the Second Notice. However, Mellor's Response was filed within sixty days of the mailing of the Opposition Motion, which substantively informed her of the Liquidator's denial and its basis; and her response addressed the merits of the Liquidator's subsequent denial head on. Accordingly, we hold that under the peculiar circumstances of this case, Mellor timely objected to the Liquidator's denial of her claim.[3]

### III. Priority of Claim

¶28    Finally, Mellor contends that the district court erred in ruling that Mellor's claim has a priority, under the Liquidation Act, of class six rather than class three. Whether the district court erred "involves the interpretation and application of [the Liquidation Act]" and the district court's "legal conclusion is granted no particular deference but is reviewed for correctness." *See Salt Lake Child & Family Therapy Clinic, Inc. v. Frederick*, 890 P.2d 1017, 1019 (Utah 1995).

¶29    Section 31A-27-335 of the Liquidation Act establishes the priority of claims in liquidation proceedings. A class-three priority represents the highest priority classification Mellor's claim could have. *See* Utah Code Ann. § 31A-27-335(2)(a), (b) (LexisNexis 2002) (defining class one as "the costs and expenses of administration," and class two as "the administrative expenses of a guaranty association"). "Class three is all claims under policies for losses incurred . . . . All claims under life and health insurance and annuity policies shall be treated as loss claims." *Id.* § 31A-27-335(2)(c). Class-three claims for losses include government claims, third-party claims, unearned premium claims, and guaranty association claims other than

---

3. We also note that the Liquidator does not claim that it lacked actual notice of Mellor's objection.

those classified as class two. *Id.* § 31A-27-335(2)(c)(i). The Liquidation Act explicitly excludes from class three "[t]hat portion of any loss for which indemnification is provided by other benefits." *Id.* § 31A-27-335(2)(c)(iii). A class-six priority represents the only other possible classification for Mellor's claim. *See id.* § 31A-27-335(2)(d), (e) (defining class four as "claims of the federal government other than those claims included under class three," and class five as "debts due employees for services, benefits, contractual or otherwise"). "Class six is claims of any person, including claims of state or local governments, except those specifically classified elsewhere in this section." *Id.* § 31A-27-335(2)(f)(i)(A).

¶30 Mellor advances two arguments for why her claim warrants class-three priority. First, Mellor argues that her claim constitutes a claim for losses incurred as a Wasatch Crest policy holder. The supreme court in *Mellor I* held that "the Wasatch Crest plan did not operate to terminate [Mellor's son's] coverage as a matter of law when [he] became eligible for Medicaid coverage." 2009 UT 5, ¶ 20, 201 P.3d 1004. Accordingly, Mellor's son was entitled to Wasatch Crest policy coverage at least until November 2001 when Mellor stopped paying the Wasatch Crest policy's COBRA premiums. Therefore, Mellor could arguably assert a class-three claim for losses incurred as an insured under the Wasatch Crest policy.[4]

¶31 But Mellor has not actually incurred any out-of-pocket loss as a result of Wasatch Crest's allegedly wrongful denial of claims. Mellor has no liability for any medical care her son received, because Medicaid has paid for his care in full—

---

4. The Liquidation Act excludes from class three "obligations incurred after . . . the policy has been canceled at the insured's request." Utah Code Ann. § 31A-27-335(2)(c)(iv)(B)(III) (LexisNexis 2002).

Medicaid has indemnified her of any liability owed to her son's medical care providers. The Liquidation Act expressly excludes from class three "[t]hat portion of any loss for which indemnification is provided by other benefits." Utah Code Ann. § 31A-27-335(2)(c)(iii). Accordingly, Mellor's claim for losses incurred as a policy holder does not qualify for class-three status.

¶32 Second, Mellor argues that ORS has a class-three claim and that she submitted that claim on its behalf by virtue of the collection agreement she entered with ORS. Mellor asserts that ORS's claim constitutes a class-three claim because it is a "claim[] of the federal, state, or local government." *Id.* § 31A-27-335(2)(c)(i)(A). She further asserts that because ORS has not been indemnified for its losses, section 31A-27-335(2)(c)(iii) of the Liquidation Act does not exclude ORS's claim from the class-three priority. Thus, according to Mellor, "Even if Medicaid indemnified Mellor for [her son's] medical claims, nothing in the [Liquidation Act] prevents the indemnitor, the Utah State Medicaid program through its agent, ORS and Mellor in this case, from stepping up to assert a Class Three rather than a Class Six claim under the statute."

¶33 As Mellor correctly points out, the Liquidation Act allowed ORS to submit a class-three claim for the payments Medicaid made on behalf of Mellor's son while he still had Wasatch Crest COBRA coverage. However, neither ORS nor Medicaid, through Mellor or otherwise, ever submitted a proof of claim to the Liquidator for these payments. ORS did submit a Notice of Representation of Medicaid Claim stating, "Notice is given that . . . the State of Utah entered into a written agreement with . . . Mellor and her attorney allowing the Medicaid claim to be included in the claim filed by . . . Mellor." While ORS's notice alerted the district court and the Liquidator that it had a claim, and that it would allow Mellor to include that claim along with her own, Mellor's proof of claim does not assert any claim on

behalf of ORS. Rather, Mellor's proof of claim asserts only her own claim. Though Mellor's proof of claim indicates that ORS has a lien on her claim by virtue of the collection agreement, it does not assert any claim on behalf of ORS. Rather, her proof of claim checks a single item stating, "Claim is made by policyholder for benefits provided by the policy." And her proof of claim has one line of explanation under the heading "The identity and amount of security on the claim" stating, "State of Utah, Office of Recovery Services—Medicaid Liens—$154,000+." In addition, in a memorandum filed with the district court, Mellor's prior counsel stated that he "has not appeared as counsel for [ORS]. He only entered into a Collection Agreement with ORS relative to this claim." Importantly, "[t]he Collection Agreement does nothing more than place a lien in favor of ORS on any reimbursement for medical expenses that may be recovered from Wasatch Crest." *Mellor I*, 2009 UT 5, ¶ 10.

¶34   We conclude that Mellor has not asserted a claim on behalf of ORS or Medicaid, only her own claim, in which ORS has an interest. As a result, while ORS or Medicaid might have class-three claims in their own right, Mellor cannot bootstrap her independent claim to the class-three priority ORS or Medicaid may have enjoyed if they had submitted their own timely proof of claim, or if Mellor had actually asserted a claim on their behalf.

¶35   Finally, Mellor cites many authorities to make the policy argument that the law should not be construed in such a way as to, in effect, transfer money from Medicaid to the shareholders of insurance companies. *See, e.g.*, *S.S. v. State*, 972 P.2d 439, 442 (Utah 1998) ("Payments made by a third party do not legally become the property of the recipient until after a valid settlement, which necessarily must include reimbursement to Medicaid."); *Rehabilitation Ass'n of Va., Inc. v. Kozlowski*, 42 F.3d 1444, 1447 (4th Cir. 1994) ("Medicaid is essentially a payer of last resort, and one of the requirements of a state Medicaid plan is

that it attempt to identify and collect other insurance or source of health care funding available to a Medicaid participant . . . ."). But this principle, however wise, does not apply here. Wasatch Crest is in liquidation. Mellor has offered no reason to believe Wasatch Crest's shareholders will receive anything by virtue of our ruling today. Any Medicaid money transferred will be effectively transferred from Medicaid to non-Medicaid recipients whose insurance claims would be otherwise unreimbursed by Wasatch Crest. The statutory scheme requires this result.

CONCLUSION

¶36     In sum, we hold as follows: the Liquidator's litigation filings constituted a denial of Mellor's claim; Mellor's litigation filings constituted a timely objection to the Liquidator's denial of her claim; and the district court correctly concluded that Mellor's claim did not qualify for class-three priority. Accordingly, the order of the district court is affirmed in part and reversed in part, and the case is remanded for further proceedings, if any.

————————